RISSER & CO. v. RATHBURN ET AL.

SPERRY, WATT & GARVER v. THE SAME.

1. **Practice on Appeal:** EVIDENCE TO SUPPORT VERDICT. A verdict founded upon conflicting evidence will not be disturbed on appeal for want of support in the evidence.

2. **Fraudulent Conveyance:** EVIDENCE: CONVERSATION BETWEEN PARTIES. Where it was sought to charge a garnishee with the value of goods alleged to have been transferred to him by the principal defendant in fraud of creditors, *held* that it was proper to allow the defendant to testify to a conversation had between him and the garnishee showing their fraudulent purpose.

3. ———: SALE BY FRAUDULENT VENDEE: LIABILITY ON GARNISHMENT. A fraudulent vendee of goods may sell the same to an innocent third party and give a good title, but he may nevertheless be held liable for the proceeds on garnishment, in a suit against his vendor by the creditors sought to be defeated by the fraudulent transfer.

4. ———: ———: ———: INTEREST ON PROCEEDS. In such case the garnishee is liable for interest on the proceeds of the goods from the date of their sale by him.

VOL. LXXI—8

*Appeal from Pocahontas District Court.*

MONDAY, MARCH 7.

ACTION by attachment against defendant Rathburn, in which Bothwell was garnished. An issue upon the answer of the garnishee, denying indebtedness to defendant, was in each case tried to a jury. A judgment for plaintiff was in each case rendered against the garnishee upon special findings for plaintiff. The garnishee appeals. The cases were submitted together upon the same abstract and argument.

*Robinson & Milchrist,* for appellant.

*Henry S. Wilcox,* for appellee.

BECK, J.—I. The garnishee, Bothwell, in his answer denies that he is indebted to the defendant, or has in his possession or under his control any property rights or credits of the defendant. He admits that he purchased of defendant a stock of merchandise, but alleges that defendant was indebted to him in the sum of $500 for goods sold and money loaned, and alleges that, in payment of the debt, he took the stock of merchandise, with the agreement that, if he could sell it for more than the debt, such overplus, after deducting expenses incurred in handling the goods, should go to defendant. He shows in his answer that he sold the goods for $600; that the expense of handling them was $25; and that he is ready to account for the balance remaining in his hands. He afterwards paid into court $40, which he admits is due from him to defendant. The answer of the garnishee is denied by proper pleadings filed by plaintiff, in which it is averred that the stock of goods alleged to have been sold by defendant to the garnishee was of the value of $1,200, for which the garnishee paid $530, leaving a balance due defendant of $670. In another count of their pleadings, plaintiffs allege that the sale of the goods by defendant to the gar-

nishee was made with the purpose and intention on the part of both to defraud plaintiffs and other creditors of defendant, and is therefore void, and that, at the time of the service of the garnishee process, the garnishee was in possession of the goods, which he has converted to his own use. It is alleged that the goods were of the reasonable value of $1,200. Under an agreement of the parties, the two causes were tried together, and are submitted in the same manner in this court.

The district court directed the jury to return special findings in response to the following question submitted to them. Their findings are indicated by the answers following the questions:

"Submitted by the court on its own motion: (1) What was the actual value of the goods at the time of sale to Bothwell? *Answer.* $1,030. (2) What was the reasonable value of the expenses and services of Bothwell in taking and negotiating a sale of the goods? *A.* $25. (3) How much was the entire consideration to be paid by Bothwell for the goods under the contract of purchase? *A.* $1,000. (4) Under the contract of purchase, was the garnishee to pay the defendant anything above $541.74, which defendant was owing the garnishee? *A.* Yes. (5) If you answer the foregoing interrogatory by 'yes,' then state how much the garnishee was to pay for the goods above the sum of $541.74? *A.* $488.26.

"Submitted at the request of plaintiffs, Sperry, Watt & Garver and Chas. E. Risser & Co.: (1) Was the garnishee indebted to defendant on the twelfth day of May, 1884, at the time of the service of the notice of garnishment in the case of *Risser & Co. v. Rathburn?* If so, state the amount *Answer.* $488.26. (2) Was the garnishee, Bothwell, indebted to defendant on the nineteenth day of May, 1884, at the service of notice of garnishment in the case of *Sperry, Watt & Garver v. Rathburn?* If so, state the amount. *A.* $463.26. (3) What was the fair market value of the

property conveyed to the garnishee by the defendant on the tenth day of May, 1884, at the time of sale? *A.* $1,030. (4) Was the sale by defendant to Bothwell on the tenth day of May, 1884, made by defendant with an intent to defraud his other creditors? *A.* Yes. (5) If you answer 'yes' to question No. 4, state whether said garnishee knew of such intent at the time of sale. *A.* Yes. (6) Was there a secret agreement or understanding between the defendant and the garnishee that said garnishee should invoice the property sold him by said defendant, and pay the said defendant the amount said goods should invoice over and above the amount said defendant owed said garnishee? *A.* Yes. (7) Was there a secret agreement or understanding between the defendant and said garnishee that the said garnishee should sell said stock of goods, and pay to defendant the amount realized from said sale, after deducting reasonable compensation for his service and expenses in making the same, and the indebtedness of said defendant to said garnishee? *A.* Yes.

"Submitted at the request of the garnishee: (1) Did the garnishee have any fraudulent purpose in purchasing the goods of Rathburn? *Answer.* Yes. (2) Was the purpose of Bothwell, in purchasing the goods in controversy, to secure payment for his own claim against Rathburn only? *A.* No."

Upon these special findings the district court rendered judgment against the garnishee in favor of Risser & Co., for $359.90, and costs of the garnishment proceedings, and a like judgment in favor of Sperry, Watt & Garver for $723.20, and costs. It appears that interest upon the value of the goods as found by the jury was included in the judgment.

II. The special findings are for plaintiffs upon both counts of their pleadings, denying the garnishee's answer. The findings upon the second count are in response to questions asked upon the motion of Sperry, Watt & Garver.

We presume that, as they were the second attaching creditors, they thought it important that the issues raised by the second count should be determined in order to recover their claim as against the garnishee. We shall find it necessary to consider only the findings under the second count.

III. It is first insisted that the evidence does not sufficiently support the special findings, which, therefore, should

1. PRACTICE on appeal: evidence to support verdict.

have been set aside. All that can be said upon this point is that the evidence was conflicting. Upon the question of fraud the verdict was supported by the direct testimony of Rathburn, and a number of circumstances established by other evidence. Against it was the equally direct and positive evidence of the garnishee, corroborated to some extent by other witnesses. The jury believed the testimony for plaintiffs, and discarded the evidence on the other side. There is no ground to hold that in doing so they did not intelligently and honestly exercise the discretion imposed upon them by law. The same remarks are applicable to the question of the value of the goods. Counsel for the garnishee make earnest complaint upon this point. It may be that the preponderance of the evidence shows that the goods were of less value than was found by the jury; but there is not such a lack of evidence on this point as authorizes us to reverse the judgment. Complaint is made that the deposit of $40 was not considered by the court in rendering judgment; but, if there be an error in this regard, it is cured by an agreement of record in this case, under which that sum is credited upon the judgment in favor of Risser & Co.

IV. Rathburn, the defendant, was, against the garnishee's objection, rightly permitted to testify to a conversation had between the two, clearly showing their

2. FRAUDULENT conveyance: evidence: conversation between parties.

fraudulent purpose. Counsel insist that, if the sale was valid, it could not be rendered invalid by any misrepresentations as to its character. This position may be admitted; but, if the conversation was

actually had, it shows the fraudulent purpose of both par_ties, and was not a "misrepresentation." And if the testimony showing the conversation be believed, the sale must be held void for fraud.

V.   Counsel insist that, as the sale was not void as between the parties thereto, Brewer, the purchaser from Both-

3. ——: sale well, acquired a good title; and, if he acquired
by fraudulent
vendee: lia- a good title, Bothwell must have had a good
bility on gar-
nishment. title. But it does not follow that, because Brewer acquired a good title, Bothwell, by disposing of these goods while they were so subject to plaintiffs' debts, did not become liable to plaintiffs for their value, who rightly pursued their remedy against him by garnishment. These views sufficiently answer counsel's position that Bothwell cannot be held liable for the goods by reason of the fact that he had disposed of them when the process of garnishment was served upon him.

VI.   Counsel for the garnishee insist that two of the special findings are conflicting, in that one finds that the consideration paid by Bothwell for the goods was $1,000, and the other that he was to pay $1,030. The first finding correctly states the consideration to be paid under the contract of purchase by Bothwell. The second is doubtless based upon the value of the goods for which Bothwell was liable without regard to the contract.

VII.   Counsel also complain that the court added to the value of the goods interest, which was included in the judg-

4. ——: ——: ment. This was correct. The goods were sub-
——:inter-
est on pro- ject to plaintiffs' debt. The garnishee fraudu-
ceeds.
lently appropriated them to his own use. He was lawfully charged with interest from the day of the appropriation.

The foregoing discussion disposes of all questions in the case.   The judgment of the circuit court must be

AFFIRMED.