ALFRED E. HARGREAVES V. ORESTES B. TENNIS ET AL.

FILED DECEMBER 18, 1901.    No. 10,562.

Commissioner's opinion, Department No. 2.

1. **Creditor: GARNISHMENT: LIEN: SUIT IN EQUITY.** A creditor who has obtained ʋy garnishment proceedings a lien upon a stock of goods fraudulently conveyed, may maintain a suit in equity to set aside the transfer and reach the goods or their value.

2. **Creditor's Bill.** Such suit is in the nature of a creditors' bill and is maintainable, without showing special facts making the remedy by action at law for unsatisfactory answer inadequate.

3. **Fraudulent Conveyance:** INTEREST. One who takes a stock of goods under a fraudulent conveyance to defeat the vendor's creditors and converts them to his own use, is properly charged with interest upon their value.

4. **Creditors' Suit:** AMOUNT OF RECOVERY. If the fraudulent vendee disposes of the goods for less than they were worth, recovery in a creditors' suit is not to be limited to the proceeds, but he may be charged with their full value.

5. ————: FRAUDULENT CONVEYANCE: VENDEE: CREDIT: ARTICLES STOLEN. The vendee in a fraudulent conveyance is not entitled to credit in a creditors' suit for articles included in the conveyance which were stolen from him while he held thereunder.

6. **Fraudulent Transfer:** ADVANTAGE TO VENDEE: LIABILITY AS GARNISHEE. A transfer made for the purpose and with the intent of defrauding creditors being of no effect as to the latter, no advantage can accrue to the vendee, as against them, by reason thereof. Hence, although the judgment debtor may have been indebted to the vendee at the date of the fraudulent transfer, the latter is not entitled to a lien on the goods for such amount nor to have it deducted from his liability as garnishee.

7. **Cross-Petition:** ESSENTIAL AVERMENTS OMITTED: DEFECT WAIVED BY ANSWER. An omission of essential averments in a cross-petition, may be cured by allegations in the answer which amount to an admission of the facts upon which the right to relief depends.

ERROR from the district court for Lancaster county. Tried below before HOLMES, J.   *Affirmed.*

*Tibbets Bros., Morey & Anderson,* for plaintiff in error.

*James E. Philpott* and *Ricketts & Wilson, contra.*

POUND, C.

Charlotte Blair, a milliner, being in embarrassed circumstances, executed a chattel mortgage conveying her stock of goods to her son-in-law, and also transferred a considerable amount of real property belonging to her to his bookkeeper. Thereafter certain of her creditors brought

attachment proceedings, in the course of which they gar-
nisheed the mortgagee of the stock, while he held it under
the chattel mortgage.   On obtaining judgments against
Mrs. Blair, and after return of executions thereon unsatis-
fied, the creditors brought a general creditors' suit to set
aside the transfers of the real property, cancel and set
aside the chattel mortgage, and for general relief.   They
also set up liens upon the stock by virtue of said garnish-
ment proceedings.   John H. Blair filed a cross-petition,
alleging that he was the husband of Mrs. Blair, and claim-
ing a portion of the real property in question as a home-
stead.   Three trials were had in the court below, each re-
sulting in findings for the plaintiffs.   At the last trial,
with which alone we are concerned, the court made full
and complete findings of fact and law to the general effect
that the transfers, both of the stock and of the real prop-
erty, were fraudulent and void as to creditors, and rend-
ered judgment accordingly.   It was also found that John
H. Blair was entitled to a homestead in the property de-
scribed in his cross-petition, and his title thereto was
quieted.   Error is prosecuted by the mortgagee of the stock
of goods.

In view of the relation between the parties, and the con-
sequent incidence of the burden of proof, it is manifest
that the findings of the trial court as to the nature and
purpose of the transfer are sustained by the evidence.   The
points chiefly urged in argument, and those which alone
require our attention, are points of law.   It is first con-
tended that the petition fails to state a cause of action, for
three reasons:  Because there is no allegation "that Char-
lotte Blair, the judgment debtor, was a resident of Lan-
caster county, Nebraska"; because there is no allegation
that the garnishee was insolvent or that for any rea-
son the statutory action at law for unsatisfactory an-
swer in garnishment was not adequate; and because there
is no allegation that plaintiffs had no adequate remedy
at law.   We are unable to perceive any force in the first
objection.   Section 207, Code of Civil Procedure, requires

that the garnishee, not the attachment debtor, be within the county; and by the express terms of the Code an attachment is maintainable against a non-resident, so that the validity of the garnishment did not necessarily depend upon the residence of the judgment debtor. It is alleged that judgments were duly rendered against her, which, under section 127, Code of Civil Procedure, sufficiently alleges all prior steps and shows jurisdiction of the person of the defendant. If it was intended to object because the residence of the garnishee is not alleged, it may be remarked that the Code merely requires that he be "within the county" and that the petition shows this garnishee answered in the garnishment proceedings, and that he was holding in the county the stock of goods in respect of which he was garnisheed. Nor is the next objection of any force. The attaching creditors acquired an equitable lien upon the stock of goods by garnishment without regard to the solvency or insolvency of the garnishee. *Reed v. Fletcher,* 24 Nebr., 435, 458; *Grand Island Banking Co. v. Costello,* 45 Nebr., 119. And after garnishment the creditors might bring the same proceedings to protect or enforce their equitable lien that an attachment creditor or other lien holder might maintain. *Reed v. Fletcher, supra.* "The validity of a mortgagee's right to chattels held in his actual possession by virtue of his mortgage may be called in question by a garnishing creditor alleging and proving fraud, as well as by an actual levy on the chattels in defiance of the claims of such mortgagee." *Grand Island Banking Co. v. Costello, supra.* Such a suit is in the nature of a creditors' suit, to reach the goods and property of the judgment debtor fraudulently disposed of and enforce the equitable lien upon the goods arising from the garnishment. All equitable rights and charges are enforceable by appropriate proceedings in equity. Although we now have a further statutory remedy by action at law for unsatisfactory answer, the equitable remedy by creditors' bill is not superseded. Maxwell, Code Pleading, 165. In this case there were also fraudulent transfers of real

property to a person other than the garnishee, and hence a creditors' bill to reach all the property and adjust the claims of all the creditors in one suit was appropriate, if not necessary. *Stoll v. Gregg,* 23 Nebr., 228. It was not essential to show insolvency of the garnishee or any other fact rendering the statutory action for unsatisfactory answer inadequate. As to the last objection, if the facts alleged entitled the plaintiffs to proceed in equity, there was no need of a formal allegation of no remedy at law. *Ball v. Beaumont,* 59 Nebr., 631. The old "jurisdiction clause" is omitted to-day even in formal chancery pleading. Objection is also made that the court rendered a money judgment against the mortgagee who held the stock. But as he disposed of the goods and converted the proceeds, no other remedy was possible. Where the subject of an equitable lien is put out of existence by the defendant, the court, having once obtained jurisdiction of the cause, will give complete relief by way of a money judgment. *Morrissey v. Broomal,* 37 Nebr., 766.

The court fixed the value of the stock of goods at $3,800, but rendered judgments against the fraudulent vendee amounting to about $4,400. This is complained of as error and it is argued that the liability of a garnishee can not exceed the value of the property or amount of the fund actually in his hands. This would often be true where he was an ordinary debtor or trustee of the judgment debtor. But in this case lawful interest upon the value of the stock from the time it came wrongfully into the hands of the defendant in question to the date of the decree amounts to more than the difference between the value of the stock and the amount for which he was held liable. Hence the question comes to this: Is one who takes a stock of goods under a fraudulent conveyance to defeat the vendor's creditors, and disposes of them and converts them to his own use, chargeable with interest upon their value? There can be but one answer. In equity the property belonged to the creditors, not to him. He converted their property, and deprived them of its use, or the use of the money it would

have brought them, and their right to compensation therefor is obvious. *Risser v. Rathburn,* 71 Ia., 113, 32 N. W. Rep., 198.

Another alleged error grows out of the fact that the stock of goods was sold under the fraudulent chattel mortgage for much less than its value as found by the court. Counsel argue that the mortgagee's liability is that of a garnishee only; that the plaintiffs had a lien upon the goods and their proceeds, and, the goods having been sold, recovery should be limited to the proceeds in his hands. For like reasons they argue that he is entitled to credit for certain articles included in the conveyance, which were stolen from him while he held thereunder. These questions have been settled many times. As we have seen, this is a creditors' suit, and the garnishment proceedings are material only in that by virtue thereof the plaintiffs obtained liens on the stock. It is fundamental that the measure of liability of a fraudulent vendee of chattels in a creditors' suit is the value of the property. *Smith v. Sands,* 17 Nebr., 498; *Meyer v. Stone,* 21 Nebr., 717. The goods belonged to the plaintiffs, as between them and this defendant, and he had converted them. Having converted them, plaintiffs were entitled to claim their value; and when a portion of the goods were stolen, he can not undo his act of conversion as to that portion, and say to the plaintiffs that it was their goods which were stolen. The consideration recited in the chattel mortgage was $2,800. But the court found that, while the evidence showed Mrs. Blair was indebted to the mortgagee in some amount at the date of the transfer, such indebtedness was not shown to have amounted to $2,800, although the goods were found to be worth $3,800; nor was it shown that the mortgage was given to secure such indebtedness. It was also found that the mortgage was made for the purpose of defrauding Mrs. Blair's creditors, and that the mortgagee not only participated in such purpose, but instigated its execution to that end. Hence, under the well settled rule in this state, the transfer was void as to creditors. *Hedrick v. Strauss,* 42

Nebr., 485; *Ellis v. Musselman,* 61 Nebr., 262. This completely disposes of the further claim urged in the briefs that, if Mrs. Blair was indebted to the mortgagee "in any amount, he was entitled to a lien for such amount upon the proceeds in his hands and was entitled to have such amount deducted from his liability as garnishee." The conveyance being of no effect as to creditors, no advantage could accrue to him as against them by reason thereof. He was bound to restore the stock or its value to the creditors, who had a charge thereon in equity to the amount of their claims, and could claim no lien thereon by reason of the fraudulent and ineffectual transfer or his wrongful possession thereunder. *Hardt v. Schwab,* 72 Hun [N. Y.], 109.

Finally exception is taken to that portion of the decree which finds one of the tracts of land conveyed to be the homestead of John H. Blair and awards it to him as such. The averments of his cross-petition are fatally defective, and, if they stood alone, would not suffice to support this portion of the decree. We do not perceive how this portion affects the rights of the present plaintiff in error, or is prejudicial to him. But assuming that it is, we think there is enough in his answer to supply the defect in the cross-petition. By order of court, after the cross-petition of John H. Blair had been filed, Hargreaves filed an itemized account of the sum claimed to have been due him from Mrs. Blair at the time of the transfer. This account was verified and was intended to be taken as part of his answer; the court having ordered him to make his answer more definite and certain by setting forth such sums by items. In this account he recited that he had "indorsed the mortgage now past due on the homestead mentioned in these proceedings." The only homestead mentioned, was the property claimed as such in the cross-petition of John H. Blair. After admiting its homestead character in his answer, and thus admitting the ultimate fact upon which the relief granted by the court had to depend, he can not complain that the allegations of the cross-petition are defective

or insufficient.  *Beebe v. Latimer,* 59 Nebr., 305; *Railway Officials' & Employees' Accident Ass'n v. Drummond,* 56 Nebr., 235.  It may be proper to say that the able counsel who now appear for the plaintiff in error seem to have had no part in the proceedings in the lower court till after issues had been made up and two trials had been had, and that they were limited on the third trial to the issue as to the value of the stock.  We presume that some of the points presented were, in a measure, forced upon them.  At any rate, after going over all the errors argued in detail, we find nothing of any force and are satisfied that the decree is in all respects in accordance with law.

We therefore recommend that the decree be affirmed.

SEDGWICK and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.