WILLIAM NIKLAUS, TRUSTEE, APPELLEE, V. GEORGE F. LES-
SENHOP ET AL., APPELLANTS.

FILED MAY 13, 1916. No. 18892.

1. Bankruptcy: SALES IN BULK: CREDITORS' SUIT. A trustee in bank-
   ruptcy may maintain an action in the nature of a creditor's bill
   against the persons who have purchased and disposed of the entire
   assets of his bankrupt's estate in violation of the provisions of
   section 2651, Rev. St. 1913, commonly called the "Bulk Sales Law."

2. ———: ———: ———: MEASURE OF RECOVERY. In such case the lia-
   bility of the defendants is not measured by the amount they re-
   ceived for the goods, but is measured by the agreed inventory value
   thereof.

3. Sales. The "Bulk Sales Law" was held valid and constitutional in
   *Appel Mercantile Co. v. Barker*, 92 Neb. 669, and we adhere to
   that decision.

4. Evidence examined, and *held* that the decree was not excessive.

APPEAL from the district court for Lancaster county:
ALBERT J. CORNISH, JUDGE. *Affirmed.*

T. J. *Doyle,* for appellants.

*Mockett & Peterson* and *Burkett, Wilson & Brown,* con-
tra.

BARNES, J.

William Niklaus, as trustee of the bankrupt estate of
the Lincoln Implement & Transfer Company, commenced
this action in the nature of a creditor's bill in the district

court for Lancaster county against George F. Lessenhop, Isaac Deardorf, Charles W. Wingard, Joseph Miller and John M. Lindsey, to recover judgments for the conversion of assets of the bankrupt estate. The several defendants filed separate answers, to which replies were filed, and on the issues thus joined a trial was had to the court, which resulted in judgments in favor of the plaintiff and against the defendants as follows: Charles W. Wingard, $3,140, with interest from May 20, 1911, amounting to $643.53; against Joseph Miller for $2,500, with interest amounting to $512.36; against John M. Lindsey for $1,003, with interest amounting to $205.56; against Isaac Deardorf in the sum of $8,004.45, with interest from May 20, 1911. All of said judgments carried costs, and represented the amount of the assets converted by each of the said defendants. The court further found for the defendant George F. Lessenhop and dismissed the action as to him. From the several judgments, defendants, with the exception of Lessenhop and Lindsey, have appealed.

The record discloses that the Lincoln Implement & Transfer Company was duly adjudged a bankrupt, and the plaintiff in this action was appointed as trustee in bankruptcy; that before the implement company was adjudged a bankrupt, and on or about the 9th day of May, 1911, the defendant George F. Lessenhop executed a bill of sale of the entire stock of the bankrupt concern to the defendant Isaac Deardorf and transferred and assigned to him the entire amount of the capital stock of the implement company. The agreed inventory of stock amounted to $11,000. It appears that Lessenhop had, previous to that date, acquired all of the capital stock of the implement company, and was its president, and had full control of the affairs of the company; that at the time the bill of sale was executed and the stock of the implement company was assigned to Deardorf the company was insolvent and was indebted to a large number of creditors to the amount of $11,705.11. The testimony also shows that when the bill of sale and assignment of the capital stock was exe-

cuted Lessenhop claims Deardorf assumed the debts of the company. Within ten days after Deardorf received the bill of sale and assignment, he sold and delivered to Charles W. Wingard a part of said stock of implements of the value of $3,140; that he sold and delivered to Joseph Miller $2,500 worth of said stock; that he sold to John M. Lindsey $1,003 worth of said stock; that he sold other small amounts of the stock at retail, and within the time last above mentioned all of the assets of the company had been sold and been shipped out of Lincoln to different parts of the country; that no part of the stock itself had been found or accounted for. The testimony shows without dispute that the sale of the assets of the implement company was made to Deardorf in violation of section 2651, Rev. St. 1913, commonly known as the "Bulk Sales Law;" that no notice was given to the creditors of the bankrupt, and in the sales from Deardorf to Wingard, Miller and Lindsey the provisions of the "Bulk Sales Law" were wholly disregarded. In fact the testimony shows without dispute that Deardorf and the other judgment defendants converted the entire assets of the bankrupt to their own use in utter disregard of the provisions of the statutes.

Appellants contend that, because the Lincoln Implement & Transfer Company by its charter was authorized to do both a wholesale and retail business, the "Bulk Sales Law" has no application to this case, and that the assets of the company sold in violation of the provisions of the section above mentioned are not trust funds. There are some adjudications in other jurisdictions which seem to sustain this contention; but, in construing the section of the statute above mentioned, we held in *Appel Mercantile Co. v. Barker*, 92 Neb. 669, that: "One who obtains possession of a stock of merchandise pursuant to a purchase thereof in bulk, in violation of the statute, will be held to be a trustee for the benefit of the creditors of his vendor, and liable as garnishee." In *Kohn v. Fishbach*, 36 Wash. 69, it was held: "One who buys a stock of merchandise in bulk, without complying with the statute requiring him to demand

a list of the vendor's creditors and to see that the purchase price is applied to their payment, holds the property in trust for such creditors, and is liable to them in an action of garnishment, although he is not indebted to the vendor and has disposed of the goods." The same rule was applied in *Jaques & Tinsley Co. v. Carstarphen Warehouse Co.,* 131 Ga. 1. We think the rule is that the defendants are liable for the violation of the "Bulk Sales Law," and their liability is not measured by the amount they receive for the goods, but must be measured by the agreed value thereof. *Hargreaves Mercantile Co. v. Tennis,* 63 Neb. 356.

Appellants are liable for other reasons than the "Bulk Sales Law." Deardorf obtained the transfer of the goods without paying any money, and knew of the indebtedness of some $9,000 or $10,000, and in taking over the business, although he claims he did not assume any liability to the creditors, the record discloses that he gave no attention or consideration whatever to the liabilities of the Lincoln Implement & Transfer Company. Such being the case, he must be held to have entered into a transaction, the effect of which was to hinder, delay and defraud the creditors of that company. Miller obtained his share of the stock of goods without any concern as to the creditors. The same may be said of Wingard and Lindsey. Their purchases were in violation of the "Bulk Sales Law," and therefore they are each liable for the amount of the goods purchased and converted by them. They acted without regard to the rights of creditors, and therefore, to say the least, they participated in hindering and delaying the creditors of the Lincoln Implement & Transfer Company. The transaction must be held fraudulent as to all of the defendants. It is also contended that the "Bulk Sales Law" is unconstitutional. That question was before the court in *Lee v. Gillen & Boney,* 90 Neb. 730. The law was there assumed to be constitutional and valid. The question of the validity of the law was directly passed upon in *Appel*

*Mercantile Co. v. Barker, supra,* where it was held to be in all respects constitutional.

It is finally contended that the decree is grossly excessive and is not supported by the evidence. The record discloses, however, that when Deardorf purchased the assets of the implement company an inventory was taken and the value of the stock was agreed upon between the purchaser and the vendor. Deardorf conveyed certain property to Lessenhop in payment, the value of which he claimed was largely in excess of the amount of the inventory. When he sold the property to the other defendants, he obtained the inventory price of the same. The amount of the decree as to the several defendants is well within the inventory of the assets of the implement company. Therefore defendants' contention cannot be sustained.

As we view the record, the judgment of the district court was right, and is

AFFIRMED.

LETTON and SEDGWICK, JJ., not sitting.