NORTH RIVER MORTGAGE CORPORATION, Plaintiff, *v.* LOUIS JACOB and Others, Defendants.

Supreme Court, New York County, October 7, 1932.

*Breitbart & Breitbart*, for the plaintiff.

*John J. Buckley*, for defendants Louis Jacob, William H. Behrens, John C. Forster, Mary F. Forster and Plaza Sales Co., Inc.

*Hartman, Sheridan, Tekulsky & Pecora*, for defendant Charles M. Ertz.

*Thomas Keogh*, for Hugh P. Skelly.

*Marsell & McGuire*, for defendant John Coogan.

HAMMER, J. The plaintiff has brought this action to have declared fraudulent and void as to plaintiff, and canceled of record, certain deeds of conveyance by defendants Foster and wife and Plaza Sales Co., Inc., to other of the defendants. Ten parcels are involved. Of these and the parties defendant there have been eliminated from the action by settlement and stipulation of discontinuance, parcel 4 and defendant Martin J. Buckley; parcel 7 and defendant Mary Dooley, and parcel 10 and in respect thereto John Coogan. In an action of foreclosure of a certain bond and mortgage affecting certain premises 337–339 West Forty-eighth street, New York city, made by defendant Plaza Sales Co., Inc., and collateral bond made by defendant Forster to plaintiff, after the sale there was entered and docketed on January 7, 1931, in New York county a deficiency judgment for $14,717.55 in favor of plaintiff and against defendants Plaza Sales Co., Inc., and Forster.

The foreclosure action was commenced October 29, 1930, judgment entered December 2, 1930, the sale conducted December 26, 1930, and referee's report of deficiency filed December 29, 1930.

Parcels 1 and 2, premises 456–458 West Forty-ninth street, New York city, were conveyed by defendants John C. Forster and wife to defendant Louis Jacob by deed dated November 7, 1930 (Plaintiff's Exhibit 2). In examination before trial defendant Jacob testified he made no contract for the purchase, was not present when the deed was executed or delivered, did not know by whom the deed was prepared or signed, the amount of mortgages on the property, by whom the attorney's fees were paid, except that he did not pay same, did not know the consideration mentioned in the deed and did not pay any money or consideration of any kind therefor, knew no tenants, collected no rents, and did not pay any taxes or interest on mortgages or any money for upkeep, but left it all to J. C. Forster (defendant grantor). Jacob received, he testified, $200 or $300 from Forster in January, 1931. The latter's attorney drew and recorded the deed, which at his request after record was returned to him. Forster's agent collected all the rents. Defendant Jacob did not testify upon the trial in his own behalf.

After the conveyance in an action to foreclose a mortgage lien on the property, same was sold and the rights of the grantor and grantee as well as of plaintiff cut off.

Plaintiff contends that it is entitled to a personal money judgment against the defendant Jacob by reason of such foreclosure of the transferred property. The argument is made that the acts of the grantee in fraudulently accepting and recording the deed placed the property outside of the reach of plaintiff and the lien of its judgment, and prevented the collection thereof by sale under execution; and, in consequence, the obligation was placed upon him, at his peril, to protect the property against the occurrence of any default in the mortgage upon same giving rise to an action of foreclosure; and in the event of any shrinkage in the value of the property, or other loss occurring thereto, even by acts of third persons, not participated in by him, or other happenings, although same were beyond his control, he would be liable therefor. This contention, in effect, is that a fraudulent transferee is an insurer to the creditors of the full value of the property taken when and if the creditor demands the possession of same from such transferee, and is deprived of his right to sell same under execution.

No New York authority is cited by counsel in support of this contention. Reliance is placed upon the case of *Hargreaves* v. *Tennis* (63 Neb. 356; 88 N. W. 486). In that case the court said

(at p. 361): "Another alleged error grows out of the fact that the stock of goods was sold under the fraudulent chattel mortgage for much less than its value as found by the court. Counsel argues that the mortgagee's liability is that of a garnishee only; that the plaintiffs had a lien upon the goods and their proceeds, and, the goods having been sold, recovery should be limited to the proceeds in his hands. For like reason they argue that he is entitled to credit for certain articles included in the conveyance which were stolen from him while he held thereunder. These questions have been settled many times. As we have seen, this is a creditor's suit, and the garnishment proceedings are material only in that by virtue thereof the plaintiffs obtained liens on the stock. It is fundamental that the measure of liability of a fraudulent vendee of chattels in a creditor's suit is the value of the property. * * * The goods belonged to the plaintiffs, as between them and this defendant, and he had converted them. Having converted them, plaintiffs were entitled to claim their value; and, when a portion of the goods was stolen, he cannot undo his act of conversion as to that portion, and say to the plaintiffs that it was their goods which were stolen."

In the action at bar, personal judgment is demanded against the defendants for such damages as plaintiff may be ascertained to have suffered by reason of the fraudulent transfer or conveyance. When personal or real property is transferred or conveyed in fraud of the grantor's creditors, it may be pursued and subjected to the payment of the grantor's debts when identified in the grantee's hands or in those of a voluntary grantee or purchaser with notice. No well-considered case of high authority has been called to the court's attention where the pursuit of the property was permitted to be abandoned in favor of a judgment *in personam* for its value against the grantee. Innumerable cases to the contrary are readily found. If such doctrine were sound, then a personal money judgment could be sought in the first instance. There appears to be no sanction for such a remedy at common law. The action lies against the grantee, for the reason that in equity the money or property in the hands of the fraudulent grantee is a trust fund held by such grantee, as trustee *ex maleficio*, for the benefit of the creditors of the grantor. The creditors, however, never were the owners of or had title to such transferred money or property, and for that reason no action for damages in the first instance would lie. If, in the course of the pursuit of the *res*, it is shown that such transferee or grantee violated the trust, or through his fault, misconduct or negligence the trust fund was depleted or depreciated, there can be no question but that a court of equity, having the interested

parties before it, possesses the power to direct such application of any trust funds remaining, and/or to render such personal judgment if asked for in the pleadings and supported by the evidence as may do equity between the parties. (*Fullerton* v. *Viall*, 42 How. Pr. 294; *Murtha* v. *Curley*, 90 N. Y. 372; *Warner* v. *Blakeman*, 4 Abb. Ct. App. Dec. 530; *Valentine* v. *Richardt*, 126 N. Y. 272; *Bell* v. *Merrifield*, 109 id. 202.)

In *Murtha* v. *Curley* (*supra*) it was stated: " A court of equity adapts its relief to the exigencies of the case in hand. It may restrain or compel the defendant; it may appoint a receiver, or order an accounting; it may compel specific performance, or order the delivery to the plaintiff of specific real or personal property; or it may order a sum of money to be paid to the plaintiff, and give him a personal judgment therefor."

In *Valentine* v. *Richardt* (*supra*) it was said: " The fraudulent conveyance which the defendant obtained from the owner of the land enabled him to sell to a purchaser in good faith and the money that he received therefor, with the interest thereon, can, for all the purposes of this case, be considered in equity as the land itself."

In *McLean* v. *Cary* (88 N. Y. 391) a money judgment was denied, but in that case no money judgment was demanded, and the court held that, under the facts in the case, none was authorized, as the contract was payable in steam power and not in money. While, as a general proposition, once equity has obtained jurisdiction of a cause, it retains such jurisdiction and moulds its decree to the exigencies of the case, and in this action a personal judgment for money damages is demanded in the pleadings, the specific question to be determined here is whether the allegations of the complaint and the evidence warrant a finding of fact upon which a personal judgment may be predicated. (*Valentine* v. *Richardt*, *supra*; *Murtha* v. *Curley*, *supra*; *Van Rensselaer* v. *Van Rensselaer*, 113 N. Y. 207.)

It is noted in *Hargreaves* v. *Tennis* (the Nebraska case, *supra*), the statement is made that " the measure of liability of a fraudulent vendee of chattels in a creditor's suit is the value of the property." This, however, is only part of the context, and it is also stated that the grantee converted the goods. If he had sold the goods and received a sum therefor larger than their value, he would have been liable for such amount and interest in addition. The statement was made, it may be assumed, in respect of the facts in that case. Here the facts are entirely different.

The defendant Jacob has not been shown to have done anything to depreciate the value of the property. No wrongful act on

his part in the operation of the trust was shown. The sale under mortgage foreclosure was not in any way attributable to him. It was not shown that he was guilty of any negligence, malfeasance, maladministration, misappropriation, misapplication or conversion of any of the trust *res*. He was deprived of his possession by due process of law, that is, by the action of foreclosure and sale. What he received was the bare legal title to the property, and such rents or income as were later paid to him. The possession of the property remained in the grantor. Under the circumstances, there appears to be no legal basis for, or evidence to support, the rendition of a personal judgment against Jacob. Plaintiff is entitled to judgment declaring the conveyance fraudulent and void, and for an accounting of rents, issues and profits against defendants Jacob and Forster. (*Koellhoffer* v. *Petersen*, 82 Misc. 180; modfd., 163 App. Div. 971; *Mallouk* v. *American Exchange National Bank*, 157 id. 711; affd., 216 N. Y. 670; *Bliss* v. *Progressive S. & M. Corporation*, 208 App. Div. 346; *Rice* v. *Van Vranken*, 132 Misc. 82; affd., 225 App. Div. 179; affd., 255 N. Y. 541; *Harrison* v. *Obermeyer & Liebmann Brewing Co.*, 64 App. Div. 499.)

Parcel 3, No. 434 West Thirty-first street, was conveyed by defendants Forster and wife to defendant Charles M. Ertz, by deed dated December 20, 1930. No fraud, absence of fair consideration or bad faith on the part of the grantee was shown. In addition, prior to the commencement of this action, the first mortgage covering said premises was foreclosed, and defendant Ertz purchased same at the foreclosure sale for $5,200. Under the circumstances, whatever objection there might be to his prior claim has been cleared. Plaintiff's counsel states in memorandum: " The plaintiff frankly concedes that under the foregoing circumstances the plaintiff is not entitled to any relief against the defendant Charles M. Ertz, and consents to a dismissal of the complaint." The plaintiff asks that same be without costs. However, with all the facts of record at the commencement of this action, and having been put to the preparation of defense and to trial, it would seem defendant Ertz is entitled to costs. The complaint is dismissed on the merits as to defendant Ertz, with costs.

Parcel 5, Nos. 419, 421, 423, 425, 427 West Thirty-first street, and parcel 6, No. 413 West Thirty-first street, were conveyed by defendants Forster and wife to defendant Hugh P. Skelly by deeds dated December 6, 1930, and recorded December 8, 1930 (Plaintiff's Exhibits 13 and 14). Part of parcel 5, *i. e.*, Nos. 421, 423 and 425 West Thirty-first street, and parcel 6, No. 413 West Thirty-first street, have been foreclosed by holders of mortgages thereon and the rights of defendant Skelly and of the defendant grantees, and

those, if any, of plaintiff wiped out. The evidence does not show absence of fair consideration, lack of good faith, or fraudulent intent on the part of the grantee Skelly. Said defendant appears to have been a purchaser in good faith for a valuable consideration, and is entitled to a dismissal of the complaint on the merits, with costs.

Parcel 8, No. 312 West Thirty-first street, was conveyed by defendants John C. Forster and Mary F. Forster, his wife, to the defendant John Coogan, by deed dated November 20, 1930, and recorded November 21, 1930 (Plaintiff's Exhibit 15). The evidence does not show absence of fair consideration, lack of good faith or fraudulent intent on the part of the grantee, who appears to be a *bona fide* purchaser. Defendant Coogan is, therefore, entitled to a dismissal of the complaint on the merits, with costs.

Parcel 9, 447, 449, 451 West Thirty-eighth street, was conveyed by defendant Plaza Sales Co., Inc., to William H. Behrens by deed dated November 22, 1930, and recorded November 24, 1930 (Plaintiff's Exhibit 16). Behrens, at and prior to the time of the conveyance, held a third mortgage on the property. Since the conveyance by foreclosure action of the first mortgagee, the rights of Behrens, as well as any of his grantees and of the plaintiff, have been foreclosed. The evidence does not show absence of fair consideration, lack of good faith, or fraudulent intent on the part of the grantee. He appears to be a *bona fide* purchaser. Defendant Behrens is, therefore, entitled to a dismissal of the complaint on the merits, with costs. Submit accordingly on notice.