[Civ. No. 17991.   First Dist., Div. One.   Feb. 17, 1959.]

LILA MAE PFLEG, Appellant, v. GEORGE PFLEG,
Respondent.

54

Ernest O. Meyer for Appellant.

Lois B. Preston for Respondent.

PETERS, P. J.—The trial court, on motion of the husband, modified the amount of alimony-child support payments that the husband was required to pay under the terms of a divorce decree. The wife appeals.

The parties were married in 1944. They had two children. On February 5, 1954, the wife secured an interlocutory decree of divorce and an award of $238 per month as alimony and child support. In April of 1954 the husband moved to modify this award on the ground that there had been a change of circumstances since the original order in that his income had been reduced. The wife averred that her husband's income had in fact increased. On April 13, 1954, the trial court modified the decree by reducing the monthly payments from $238 per month to $200 per month.

The final decree of divorce was entered July 8, 1955, which incorporated the modified support order. In August of 1956 the husband again moved to modify. This time his supporting affidavit averred that he had remarried; that although his salary was $512 per month, much of it was temporary overtime, and that he was unable to pay $700 that he was in arrears in his payments. On October 2, 1956, the trial court denied the modification on the ground that no change of circumstances had occurred since the last order.

On March 15, 1957, the husband again moved to modify, averring that his income had decreased to $92 per week and that he had certain obligations other than food, which he listed, totalling $549.29 per month. In addition he averred that he had to have dental work done that will cost $300, his automobile overhauled, which will cost $450, and that he has borrowed $600. The wife filed a counteraffidavit. On April 4, 1957, a hearing was had on this motion, and on April 8, 1957, the trial court modified the decree by reducing the total

alimony and support money payable by the husband from $200 to $100 a month and ordered, in addition, that the husband pay his wife $10 a month on past arrearages totalling $490, until this sum was paid. The wife appeals. She has not furnished the court with a reporter's transcript, or other form of record of the hearing of April 4, 1957. The sole record is the clerk's transcript. This lack of a reporter's transcript the wife describes as "regrettable," but nevertheless seeks to argue that the reduced award is not justified by the evidence.

This failure to produce a transcript or record of the hearing, so far as the point sought to be urged is concerned, is not only "regrettable," but is fatal. The case was not tried on conflicting affidavits. The clerk's transcript, as augmented, shows that a trial was held on April 4, 1957, at which witnesses testified. The minute order of the court for that day recites: "George Pfleg, Mary Pfleg and Lila Pfleg were sworn and testified as witnesses herein." The order of April 8, 1957, from which this appeal is taken, recites that on the day of the hearing both parties appeared in court with their attorneys, "and the testimony of plaintiff and defendant having been heard, and documentary evidence having been introduced" the matter was submitted for decision. In the face of this record appellant contends that she "was never permitted to take the stand." (Appellant's Opening Brief, p. 17.) This assertion is contrary to the recitals in the minute order and the modification order above quoted, the sole record before us. It is obvious that in this state of the record it must be conclusively presumed that a hearing was had on the motion, that witnesses, including both parties, were called to testify, and that evidence both oral and documentary was introduced.

The sole contention of appellant is that the trial court abused its discretion in modifying the support order, for the reason that there was no evidence of a change in circumstances since the prior order. Appellant is correct in asserting that a modification must be supported by such evidence. But, in the absence of a record of the hearing, we must conclusively presume, in support of the order, that such evidence was introduced, and that such evidence supports the order.

The rule is properly stated in *Kompf* v. *Morrison*, 73 Cal. App.2d 284, 286 [166 P.2d 350], in the following language: "It is elementary and fundamental that on a clerk's transcript appeal the appellate court must conclusively presume that the

evidence is ample to sustain the findings, and that the only questions presented are as to the sufficiency of the pleadings and whether the findings support the judgment.'' (See also *McMahon* v. *Merrill,* 112 Cal.App.2d 454 [246 P.2d 73].)

The presumptions contained in rule 52 of the Rules on Appeal are not applicable to such an appeal. This was clearly pointed out in *White* v. *Jones,* 136 Cal.App.2d 567 [288 P.2d 913], where the court, after carefully and correctly tracing the historical consequences of appealing on an incomplete record, or on a clerk's transcript, concluded (p. 571): ''Effective January 1, 1951, rule 52 was amended by adding thereto the following sentence: 'On an appeal on the judgment roll alone, or on a partial or complete clerk's transcript, the *foregoing presumption* shall not apply unless the error claimed by appellant appears on the face of the record.' Under the rule as amended the presumptions in support of the judgment that were made prior to the adoption of the Rules on Appeal apply except as expressly limited by rule 52, and it is not presumed, in the absence of the oral proceedings being made a part of the record on appeal pursuant to one of the methods provided for by the rules, that the record on appeal contains all matter material to the determination of the appeal. Therefore we must presume that the trial court received evidence which would support its findings.'' (See also *Berker* v. *Barnes,* 139 Cal.App.2d 294 [293 P.2d 821].)

Under these well settled and elementary rules, it must be conclusively presumed, in the absence of some record showing the contrary, that the trial court's determination that the defendant was entitled to a modification because of changed circumstances is supported by substantial evidence.

The order appealed from is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.