[Civ. No. 24935.   First Dist., Div. One.   Sept. 10, 1968.]

ASSOCIATED CREDITORS' AGENCY, Plaintiff and Appellant, v. DUNNING FLOOR COVERING, INC., et al., Defendants and Appellants.

Langer & Simpson, J. C. Simpson and James M. Connors for Plaintiff and Appellant.

Ben F. Hartinger for Defendants and Appellants.

MOLINARI, P. J.,—In this action to set aside a certain transfer of goods as in fraud of creditors or alternatively to recover the value of the transferred goods, both plaintiff, Associated Creditors' Agency, and defendant, Raymond Darrah, appeal from the trial court's judgment awarding plaintiff $2,900.[1]

Since these appeals are taken on the clerk's transcript alone, the following rules of review apply: the record before us consists properly of only the pleadings, the findings of fact and conclusions of law in support thereof, and the judgment; we are not concerned with the evidence taken in the trial court, either orally or through the admission of exhibits (whether or not said exhibits are incorporated in the clerk's transcript); we presume that there was substantial evidence to support the findings of the trial court; and we are confined to the question whether the judgment is supported by the findings and whether reversible error appears on the face of the record. (*Crummer* v. *Zalk*, 248 Cal.App.2d 794, 797 [57 Cal.Rptr. 185]; *Pfleg* v. *Pfleg*, 168 Cal.App.2d 53, 55-56 [335 P.2d 131]; *Tibbets* v. *Robb*, 158 Cal.App.2d 330, 337 [322 P.2d 585].) Further, since none of the parties objected to the findings or conclusions of the court nor requested specific findings, we must resolve all conflicts and ambiguities in the findings in support of the judgment as well as infer logical and reasonable findings in support thereof. (Code Civ. Proc., § 634; *Auer* v. *Frank*, 227 Cal.App.2d 396, 406 [38 Cal.Rptr. 684, 8 A.L.R.3d 1108]; *Canadian Indem. Co.* v. *Motors Ins. Corp.*, 224 Cal.App.2d 8, 17 [36 Cal.Rptr. 159]; *Goldberg* v. *List*, 11 Cal.2d 389, 394 [79 P.2d 1087, 116 A.L.R. 900].)

The complaint in the instant action alleged that on or about November 1, 1962, defendant, Dunning Floor Covering, Inc.

---

[1]Although defendants Dunning Floor Covering, Inc. and Raymond Darrah both filed a notice of appeal, the brief submitted by defendants appears to have been submitted solely on behalf of Darrah.

(hereinafter referred to as "Dunning"), which was at that time engaged in business as a retail merchant with its place of business in Pleasant Hill, transferred to defendant Raymond Darrah, in settlement of a preexisting liability, a portion of its stock in trade and miscellaneous business fixtures, the items transferred having the value of $7,500; that Dunning made this transfer to Darrah without recording or publishing a notice of sale as required by the provisions of Civil Code section 3440.1;[2] that Darrah thereafter transferred the same property to Larry Dunning (hereinafter referred to as "Larry"); that at the time of the transfer from Dunning to Darrah, Dunning was indebted to Glidden Company, Arnstein Carpet Company of Northern California, and Fibreboard Paper Products Corporation in the respective amounts of $2,802.86, $4,994.32, and $634.90; and that the transfer from Dunning to Darrah was fraudulent and void as to Glidden, Arnstein, and Fibreboard, none of whom had notice of the transfer. Based upon these allegations and the further allegation that Glidden, Arnstein, and Fibreboard had assigned their causes of action to plaintiff, a licensed and bonded collection agency, plaintiff prayed for a judgment declaring the transfer from Dunning to Darrah to be void and fraudulent as against plaintiff and requiring Darrah and Larry to reconvey all of the property received in the transfer or, if such reconveyance could not be made, that plaintiff have judgment against defendants for $7,982.80 plus interest.

By way of answer to plaintiff's complaint, defendants generally denied the allegations contained therein, and by way of a separate defense, Darrah alleged that on or about November 1, 1962, he had ownership in the stock in trade and fixtures held by Dunning.

Following trial, during which Larry was dismissed as a defendant, the court made findings of fact as follows: As of November 1, 1962, Dunning was indebted to Glidden, Arnstein, and Fibreboard in the aggregate amount of $7,982.80;

---

[2]Unless otherwise indicated, all statutory references are to the Civil Code. Section 3440.1, at all times relevant to this action, provided as follows: "The sale, transfer or assignment of a stock in trade, in bulk, or a substantial part thereof, other than in the ordinary course of trade and in the regular and usual practice and method of business of the vendor, transferor, or assignor, . . . is conclusively presumed fraudulent and void as against the existing creditors of the vendor, transferor, assignor, or mortgagor, unless before the consummation of the sale, transfer, assignment, or mortgage, the vendor, transferor, assignor, or mortgagor, or the intended vendee, transferee, assignee, or mortgagee does all of the following: . . ."

on that same date, in settlement of its indebtedness to Darrah, who had a valid conditional sales contract on certain store fixtures valued at $2,500 and located in Dunning's store in Pleasant Hill, Dunning transferred to Darrah these store fixtures plus the inventory of Dunning's store valued at $4,861.76; Dunning made this transfer to Darrah without filing a notice of intended sale as required by section 3440.1; and on November 1, 1962, Darrah sold the fixtures and inventory to Larry for $7,500 and thereafter Darrah settled and compromised this claim against Larry for $5,400.

Based upon these findings of fact the trial court concluded that the November 1, 1962 transfer of inventory made by Dunning to Darrah was void as to Dunning's creditors and that plaintiff is entitled to judgment against Darrah in the amount of $2,900.[3]

In support of his appeal Darrah contends that the transfer of inventory to him from Dunning did not fall within the scope of section 3440.1 for the reason that the transfer did not constitute a substantial portion of Dunning's inventory. Plaintiff's appeal, on the other hand, is based on its contention that judgment should have been entered in its favor in the amount of $4,861.76, representing the stated value of the transferred inventory as of November 1, 1962, the date of the transfer.

Considering first Darrah's appeal, we note that although the trial court specifically found that the stated value of the inventory which Dunning transferred to Darrah was $4,861.76, the findings do not indicate the total value of Dunning's inventory as of the date of the transfer, nor do they indicate what ratio the transferred inventory bore to the total of Dunning's inventory as of the date of the transfer. However, the trial court did find that the subject transfer was void as to creditors by reason of defendants' failure to give notice of the intended transfer as prescribed by section 3440.1. Since compliance with section 3440.1 is only necessary where a substantial portion of inventory is transferred, under the presumptions applicable to an appeal upon the judgment roll the subject finding must be liberally construed as a finding that

[3]As pointed out in plaintiff's brief this figure of $2,900 apparently represents the difference between the $5,400 ultimately received by Darrah from Larry and the $2,500 value of the store fixtures included in the transfer from Dunning to Darrah, this portion of the transfer apparently having been considered valid by the trial court as a result of the valid conditional sales contract which Darrah held as to the store fixtures.

the inventory which Dunning transferred to Darrah did in fact constitute a substantial portion of Dunning's inventory as of the date of the transfer. And since the evidence adduced in the trial court is not before us on this appeal, it must be further presumed that such a finding is supported by the evidence adduced below, that is, that the $4,861.76 worth of goods transferred by Dunning to Darrah did constitute a substantial portion of Dunning's inventory as of the date of transfer. Accordingly, under this state of the record we find no merit to Darrah's appeal.

We turn next to plaintiff's appeal, which is based on its contention that it was entitled to a monetary judgment in the amount of $4,861.76, representing the stated value of the transferred inventory as of the date of the transfer from Dunning to Darrah. We find merit to this contention. The applicable principle of law is as follows: Where there has been a violation of the bulk sales law, as in the instant case, and the transferee had disposed of the transferred goods, the transferee is personally liable to the creditor of the transferor in an amount representing the value of the transferred goods. (*Henderson* v. *D. S. Denehy Mercantile Co.*, 48 Cal.App. 41, 46 [191 P. 558]; *Wright* v. *Salzberger*, 121 Cal.App. 639, 644-645 [9 P.2d 860]; *Malaquias* v. *Novo*, 59 Cal.App.2d 225, 232 [138 P.2d 729]; *Davis* v. *Winona Wagon Co.*, 120 Cal. 244, 246-247 [52 P. 487]; *Swinford* v. *Rogers*, 23 Cal. 233, 235-236.)[4] As indicated by the authorities which support this rule, the creditor's recovery is not limited to the amount which the transferee receives for the goods upon resale. (See also *Niklaus* v. *Lessenhop*, 99 Neb. 803 [157 N.W. 1019, 1020]; *Hargreaves* v. *Tennis*, 63 Neb. 356 [88 N.W. 486, 487-488].)

In the present case, therefore, it is clear that plaintiff was entitled to a judgment against Darrah in the amount of $4,861.76, which the trial court found to be the value of the goods as of the date of the illegal transfer from Dunning to Darrah. The award to plaintiff in the amount of $2,900, representing the amount which Darrah received for the goods upon resale, is therefore clearly erroneous. Accordingly, the judgment must be modified to provide for a judgment in favor of plaintiff in the sum of $4,861.76.

---

[4]See 37 C.J.S., Fraudulent Conveyances, section 484, pages 1352-1353; 37 Am.Jur.2d, Fraudulent Conveyances, section 275, page 928; 41 A.L.R. 1478; 61 A.L.R. 364.

The judgment in the sum of $2,900, together with costs, is modified to provide that it shall be for the sum of $4,861.76, together with costs. As so modified, the judgment is affirmed. Plaintiff to recover costs on appeal.

Sims, J., and Elkington, J., concurred.