[Civ. No. 32882.   Second Dist., Div. One.   June 18, 1969.]

CITY OF LOS ANGELES, Plaintiff and Respondent, v. CHARLES KOSSMAN et al., Defendants and Appellants.

Fadem & Kanner and Gideon Kanner for Defendants and Appellants.

Roger Arnebergh, City Attorney, Peyton H. Moore, Jr., Assistant City Attorney, Gary R. Netzer, and Norman L. Roberts, Deputy City Attorneys, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment in favor of plaintiff in a condemnation proceeding.

Appellants in substance contend that they are entitled to recover as elements of damages certain expenses incurred by them in undertaking to mitigate the City's damages. Their contentions are without merit.

Appellants at the time of trial owned a certain parcel of real property situated on the northwest corner of Hoover Street and 25th Street in the City of Los Angeles. On or about April 8, 1966, the City instituted in the superior court an action in condemnation naming as defendants the Kossmans and owners of adjacent properties along Hoover Street over which the City desired to obtain permanent easements for the purpose of street widening.

The Kossmans' property is bounded for approximately 118 feet by Hoover Street and runs for about 150 feet along 25th Street. At the time this action arose the Kossmans owned and operated on their premises a commercial laundry which in part serviced the entire Los Angeles area by means of a system of delivery trucks. This laundry handled the cleaning and pressing of shirts, sheets and other finished items for retail laundry outlets in locations convenient to customers throughout the county. It also handled substantial industrial accounts which it billed on a monthly basis for supplying clean work clothes, wiping rags, and miscellaneous items. This operation utilized an established work flow route within the plant. Soiled laundry was delivered to the yard off 25th Street, was marked for identification, and was then systematically processed by in turn soaking, washing, drying, ironing, and finally packaging it for return to the customer. In the process the laundered items executed a turn through the plant and were returned to the curb at 25th Street for reloading onto the delivery trucks at the end of the completed circuit.

The City initially contemplated two kinds of taking of appellants' property: the permanent taking of the portion to be utilized for a roadway easement and a temporary taking or use of a part of the remainder for a period of approximately

one year to allow for the demolition of certain buildings which were situated partly within the strip permanently taken and partly on the remainder of the parcel. The permanent taking of the Kossman property consisted of a strip of land approximately 18½ feet deep and 118 feet long bordering Hoover Street, plus a small additional triangular corner cut at the intersection of Hoover Street and 25th Street. Two 2-story buildings which fronted on Hoover Street had to be demolished in order to accomplish the City's purpose. Since these buildings were integrally united and related with certain buildings at the rear of the property, the City would have to occupy temporarily the buildings situated on the remainder in order to effect demolition. The method of taking proposed by the City would have made it impossible for the Kossmans to continue the uninterrupted operation of their laundry business on the remainder property for the duration of the City's occupancy. As a result of the Kossmans' desire to prevent the temporary destruction of their business with its anticipated attendant loss of profit and permanent damage to goodwill, the Kossmans reached an agreement with the City which would allow them to rearrange their business property in a manner planned to permit continuous operation and thus mitigate damages.

The Kossmans proceeded according to plan to rearrange their laundry equipment and adapt their buildings. There were three buildings on the property in addition to the two Hoover Street buildings which the City proposed to take: two wooden sheds and a one-story brick building. The Kossmans first demolished one of the Hoover Street buildings and one of the wooden sheds and temporarily consolidated operations in the remaining buildings. Thereafter they built a new building to replace those demolished and consolidated their operations in the new building and the one-story brick building while they demolished the other Hoover Street building and wooden shed and replaced these with a second new structure on the remainder property. Finally, they redistributed and rearranged the laundry equipment once again within the completed new facilities.

It was stipulated at the time of trial that the Kossmans would be compensated for the cost of demolishing and removing the two old two-story brick buildings which otherwise would have been demolished by the City. The Kossmans claimed, among other things, that they were further entitled to be compensated for the cost of moving fixed equipment that

was not located within the area condemned and the loss of expensive utility installations thus incurred, on the basis that these costs were incurred to mitigate damages. The court found that neither of these items of expense were compensable items of damages.

The Kossmans on this appeal contend that they did not receive the full measure of compensation to which they were justly entitled because their expense in rearranging the laundry equipment not situated on the part taken was essential to the continuing operation of their going business and was undertaken for the purpose of mitigating the damages which the City would be required to pay. Appellants rely upon the decision of the California Supreme Court in *Albers* v. *County of Los Angeles* (62 Cal.2d 250 [42 Cal.Rptr. 89, 398 P.2d 129]) which determined that under California law "expenses which the owner reasonably and in good faith incurs in an effort to minimize his loss are to be taken into account in computing the 'just compensation' awarded to him in a proceeding in eminent domain." (P. 270.) The trial court did not, however, here find that appellants incurred these expenses reasonably and in good faith in mitigation of damages. The court found that ". . . the cost of moving fixed equipment not located within the area condemned is the sum of $4,500.00" and that ". . . the amount of utility installation lost due to the moving of said fixed equipment not located within the area condemned was not proven by the evidence . . ." The trial court thereafter concluded that these costs were not compensable items of damages, although it included in the compensable damages an item of $500 as the "fair market value of the relocation of the fixed equipment located within the improvements sought to be condemned. . . ." From these general findings, the finding logically implied by the judgment and supported by substantial evidence in the record is that neither the $4,500 relocation expense nor the utility installation value were items of damages properly incurred in mitigation. The trial court impliedly found that instead the expenses for which appellants seek additional compensation were attributable to the improvement of appellants' business coincident with but independent of their agreed-upon action in mitigation of damages.

". . . [S]ince none of the parties objected to the findings or conclusions of the court nor requested specific findings, we must resolve all conflicts and ambiguities in the findings in support of the judgment as well as infer logical and reasonable findings in support thereof. [Citations.]" (*Associated*

*Creditors' Agency* v. *Dunning Floor Covering,* 265 Cal.App. 2d 558, 559 [71 Cal.Rptr. 494] ; *Millbrae Assn. for Residential Survival* v. *City of Millbrae,* 262 Cal.App.2d 222, 226-227 [69 Cal.Rptr. 251].) The evidence was in conflict as to what portion of the expenses incurred by appellants were attributable to mitigation of damages and what amount was incidental to the improvement and modernization of appellants' laundry business. Appellants' expert appraiser conceded that some portion of the expenses was attributable to modernization and that the Kossmans substantially improved the efficiency of the laundry operation. Mr. Kossman testified that the actual cost of relocating the laundry equipment including utility connections had been, to the date of trial, approximately $5,000, which also included the cost of moving the equipment located within the building which were permanently taken by the City, an amount found by the court to be $500. The City's appraiser testified that because the equipment essential to the processing of the laundry was all situated on the rear or remainder parcel of the property prior to the condemnation, the complex relocation process engaged in by appellants was not necessary either to continue the operation of their business during the taking or to mitigate damages. The court itself, in the presence and with the consent of counsel for both parties, viewed the Kossman premises on February 15 and again on March 1, 1967, and saw the business as rebuilt with the laundry equipment relocated. Thereafter, in response to a comment suggesting that appellants had elected to enhance the efficiency of their business, the court observed : ''Well, I will have to confess I felt very much the same about the moving of all these boilers which he had seen fit to keep out there in that parking lot through I don't know how many years of operation, and then he suddenly moves them over into what, as I observed it out there, is obviously the most desirable possible location for them.'' The record contains no additional comment or further description by the court of what it viewed at the premises.

Whether the elements of damage herein claimed by appellants were expenses incurred by them in mitigation or to improve their business property is a question of fact which was properly resolved by the trial court.

■ ''It is clearly the rule in California that when the view of the trial judge is with the consent of the parties . . . what is then seen is itself evidence and may be used alone or with other evidence to support the findings. [Citations.]

■ Within the compass of this rule, it is also well settled that when the trial judge views the premises and a record of what he saw has not been made a part of the transcript on appeal, an appellate court must assume that the evidence acquired by such view is sufficient to sustain the finding in question. [Citations]'' (*South Santa Clara etc. Dist.* v. *Johnson*, 231 Cal.App.2d 388, 399 [41 Cal.Rptr. 846].)

■ Implicit in the findings and conclusions of the trial court that the $4,500 cost of moving fixed equipment not located within the condemned area and the value of utility installations lost by the moving of such equipment are not compensable is the determination that such costs were not incurred reasonably and in good faith to mitigate damages but were rather incurred for the purpose of improving the laundry facility. This implied finding is amply supported by the record.

The judgment is affirmed; appellants to recover costs.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied July 16, 1969, and appellants' petition for a hearing by the Supreme Court was denied August 13, 1969.