JEROME A. WOODFORD *vs.* PETER T. REYNOLDS.

## December 9, 1886.

**Judgment—Compelling Satisfaction—Discretion of Court.**—Where a motion is made to procure satisfaction of a judgment, under Gen. St. 1878, c. 66, § 286, the controversy as to the facts relied on to show satisfaction may be such as to warrant the denial of the motion, and the sending of the parties to a regular action. And such a denial is still more proper where a regular action for the purpose of obtaining the satisfaction moved for is already pending.

In this action judgment was entered in the district court for Lincoln county, in favor of plaintiff, for the sum of $1,893.61. Thereafter the defendant brought an action in the same court to have the judgment declared satisfied because of an alleged release under seal, which action is still pending and undecided. After the commencement of this last action, the defendant applied to the court for an order to enter a satisfaction of the judgment. The plaintiff opposed the application, upon the grounds that the judgment had not in fact been satisfied and that the action brought by the defendant was undetermined. The defendant appeals from an order by *Webber,* J., denying his application.

*C. W. Andrews* and *W. H. Eustes,* for appellant.

*Lind & Hagberg,* for respondent.

BERRY, J. Whenever a judgment is satisfied in fact otherwise than upon an execution, it is the duty of the party or attorney to give an acknowledgment of satisfaction, and, upon motion, the court may compel it, or may order the entry of satisfaction to be made without it. Gen. St. 1878, c. 66, § 286. There can be no reason why a judgment debtor, or other person interested, should not have relief, under this provision of statute, when, as in *Ives* v. *Phelps,* 16 Minn. 407, (451,) there is no controversy as to the facts showing satisfaction. But there can be no doubt that the controversy as to such facts may be such (especially when fraud is set up) as to make it proper for the court, in the exercise of a sound discretion, to relegate the

parties to a regular action in which to determine their dispute; and in the case of such a controversy, when, at the very time when the motion for relief under the section cited is made, a regular action is already pending for the purpose of procuring the satisfaction moved for, there is still greater propriety in denying the motion, and letting the action proceed.

Upon these views the court below appears to have acted in this case, and the order of denial is accordingly affirmed.