[S. F. No. 311.    In Bank.—March 4, 1898.]

## R. J. DAVIS, Assignee, etc., Appellant, v. WINONA WAGON COMPANY, Respondent.

Insolvency—Sale Void as to Creditors—Want of Delivery and Change of Possession—Action by Assignee.—Where a sale of vehicles by an insolvent corporation was made to another corporation, under an agreement that the insolvent corporation should retain possession of the property, sell the same on commission, and account to the vendee corporation for the net proceeds of sale, such sale is void as to the creditors of the insolvent corporation for want of immediate delivery and an actual and continued change of possession of the vehicles; and the assignee of the insolvent corporation representing the creditors, may bring an action to recover the value of vehicles subsequently converted by the vendee corporation to its own use.

Id.—Delivery by Assignee to Vendee—Pleading—Demand—Answer Claiming Title.—Where the property was delivered by the assignee to the corporation vendee, by reason of its claim of title thereto, and, in a subsequent action by the assignee to recover the value of the property so delivered, for the benefit of creditors of the insolvent corporation, the defendant set out that the property belonged to it, and based its right to defeat the action on that ground alone, no demand for a return of the property was necessary, under such circumstances, before the commencement of the action.

Id.—Action for Conversion—Burden of Proof—Estoppel of Plaintiff—Sales upon Commission—Agency.—In an action by the assignee to recover the value of vehicles alleged to belong to the insolvent corporation and to have been converted to its own use by the defendant corporation, plaintiff is bound to prove that the vehicles of the insolvent corporation were converted by the defendants, and not by the insolvent corporation, and plaintiff is estopped from claiming that the insolvent corporation was not the owner of the vehicles, but was a mere agent of the defendant, for the purpose of claiming that sales of vehicles made by the insolvent corporation prior to the insolvency proceedings, upon commission, and the accounting by it to the defendant corporation for the proceeds thereof, was a conversion of such vehicles by the defendant corporation.

Id.—Notice of Action—Proceeds of Fraudulent Sales not Involved.—In an action to recover the value of vehicles converted by the defendant, an attempt to follow the proceeds of fraudulent sales of vehicles made by the insolvent corporation is not involved, and there is no materiality in the fact that the proceeds of the sales went to the corporation defendant.

Id.—Delivery by Assignee under Mistake—Estoppel—Trust Relation of Assignee.—The delivery of the vehicles to the defendant corporation under its claim of title as vendee of the property, by a mistake either of fact or of law, or both, as to the location of the title, does not estop

the assignee from claiming the recovery back of the property or its value; but the assignee, being a trustee for the creditors, had no right or power to give away the property, and could not be held to the transaction.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Charles W. Slack, Judge.

The facts are stated in the opinon of the court.

Dorn & Dorn, and Crandall & Bull, for Appellant.

The vendee did not assume control or possession of the property and there was nothing to indicate to the creditors any change of ownership; and the sale was void. (*Watson v. Rodgers*, 53 Cal. 401; *Grum v. Barney*, 55 Cal. 254; *Edwards v. Sonoma Valley Bank*, 59 Cal. 148; *Merrill v. Hurlburt*, 63 Cal. 494; *Dean v. Walkenhorst*, 64 Cal. 78; *Barton v. Brown*, 68 Cal. 11; *Kelly v. Murphy*, 70 Cal. 560; *McClain v. Buck*, 73 Cal. 320; *Ruddle v. Givens*, 76 Cal. 457; *Brown v. Bank of Napa*, 77 Cal. 544; *Etchepare v. Aguirre*, 91 Cal. 288; 25 Am. St. Rep. 180; *Brown v. O'Neal*, 95 Cal. 262; 29 Am. St. Rep. 111; *Pearce v. Boggs*, 99 Cal. 340; *Murphy v. Mulgrew*, 102 Cal. 547; 41 Am. St. Rep. 200.) No demand was necessary before suit, as defendant claims to own the goods. (*Davenport v. Ladd*, 38 Minn. 545; *Redding v. Page*, 52 Iowa, 406; *Greiner v. Greiner*, 58 Cal. 122; *Cerf v. Phillips*, 75 Cal. 185.) There was an actual conversion of the property before suit was brought, and demand in such case is unnecessary. (*Baker v. Lothrop*, 155 Mass. 376; *Knipper v. Blumenthal*, 107 Mo. 665; *First Nat. Bank v. Kickbush*, 78 Wis. 218; *Partridge v. Swazey*, 46 Me. 414; *Smith v. McLean*, 24 Iowa, 322; *Perkins v. Barnes*, 3 Nev. 557.) Plaintiff was not estopped by delivery of the wagons to the defendant. (*Mitchell v. Amador Canal etc. Co.*, 75 Cal. 464; *McCormick v. Orient Ins. Co.*, 86 Cal. 260; *Biddle Boggs v. Merced Min. Co.*, 14 Cal. 280; *Davenport v. Turpin*, 43 Cal. 597; *Dean v. Parker*, 88 Cal. 283.) The assignee was entitled to maintain the action. (*Cerf v. Phillips, supra; Brown v. Bank of Napa, supra; Fitzgerald v. Neustadt*, 91 Cal. 600; *Luhrs v. Kelly*, 67 Cal. 289.)

William H. Jordan, and Edward R. Taylor, for Respondent.

There was such change of possession as the facts of the case warranted, and the employment of the vendor in and about the property does not avoid the sale. (*Gould v. Huntley*, 73 Cal. 399; *Godchaux v. Mulford*, 26 Cal. 316; 85 Am. Dec. 178; *Goldstein v. Nunan*, 66 Cal. 542.) Plaintiff had full knowledge of the history of the goods, when he delivered them to the defendant, and such delivery being voluntary, plaintiff cannot recover without alleging and proving fraud. (*Hoowe v. Kreling*, 93 Cal. 136; *Butler v. Collins*, 12 Cal. 461; *Amer v. Hightower*, 70 Cal. 440.) The delivery of the possession being such as not to make defendant a trespasser, a demand was necessary before suit. (*Goodwin v. Wertheimer*, 99 N. Y. 149; *Killey v. Scannell*, 12 Cal. 73; *Campbell v. Jones*, 38 Cal. 507; *Fletcher v. Fletcher*, 7 N. H. 452; 28 Am. Dec. 359.) The assignee cannot maintain this action of trover, the property not being so situated that it could be taken by legal process at suit of any creditor. (*Andrews v. Durant*, 18 N. Y. 496; *Reubens v. Joel*, 13 N. Y. 488; *Bishop v. Halsey*, 3 Abb. Pr. 400–406; *Frisbey v. Thayer*, 25 Wend. 396; *Crippen v. Hudson*, 13 N. Y. 161–166.) The goods sold by the insolvent were not converted by the defendant, nor was there a conversion by disposition of the residue. (*Vermont etc. Co. v. Brow*, 109 Cal. 236; 50 Am. St. Rep. 37.)

GAROUTTE, J.—The plaintiff, as assignee in insolvency of the Bull & Grant Farm Implement Company, a corporation, has brought this action against defendant, a corporation, to recover fourteen thousand dollars damages, alleged to be the value of certain wagons and other vehicles wrongfully converted by defendant to its own use. Plaintiff appeals from the judgment and order denying his motion for a new trial.

The merits of this litigation are to be disposed of upon a consideration of the second cause of action. The material facts, as found by the trial court, may be substantially stated as follows: The Bull & Grant Farm Implement Company, upon November 11, 1889, was the owner and in the possession of a large number of vehicles which it had purchased from the defendant, but was still indebted for the same. Thereupon the defendant canceled

this indebtedness, and the Bull & Grant Farm Implement Company transferred the title to these vehicles to it. At the same time it was agreed that the Bull & Grant Farm Implement Company should retain possession of the property, sell the same on commission, and account for the net proceeds to defendant. Upon December 5, 1890, the Bull & Grant Farm `Implement Company was declared an insolvent debtor, and this plaintiff was thereafter appointed assignee of the insolvent's estate. Prior to such insolvency the Bull & Grant Farm Implement Company had sold about seven thousand dollars' worth of this property, and had accounted to the defendant for the proceeds thereof. Plaintiff, before his appointment as assignee, for a short time acted as receiver of the insolvent's estate, and as such receiver sold a small portion of this property and accounted to defendant for the net proceeds. Subsequent to plaintiff's appointment as assignee, defendant, claiming title to all of said property which remained on hand and in the possession of the assignee, demanded its surrender, and plaintiff delivered said property to defendant in accordance with such demand. Subsequently the plaintiff, claiming to act in the interest of the creditors, brought this action, as stated aforesaid, to recover from defendant in conversion the sum of fourteen thousand dollars alleged to be the value of the property converted.

As to the creditors of the Bull & Grant Farm Implement Company, the sale by it to defendant was void, for there was no immediate delivery and change of possession of the vehicles. (*Murphy v. Mulgrew*, 102 Cal. 547; 41 Am. St. Rep. 200; *Byxbee v. Dewey* (Cal. 1897), 47 Pac. Rep. 52.) Neither can there be any question as to the right of the assignee of the insolvent debtor, representing the creditors, to bring an action of the character here disclosed. (*Brown v. Bank of Napa*, 77 Cal. 544.) No demand for a return of the property was necessary before the action was brought. For defendant sets out by its answer that the property belonged to it, and bases its right to defeat plaintiff's cause of action upon those grounds alone. Under such circumstances no demand is required. (*Parrott v. Byers*, 40 Cal. 622.)

As already suggested, there being no immediate delivery and change of possession, the wagons and vehicles, as against credi-

tors, were at all times the property of Bull & Grant Farm Implement Company. In order to maintain this action plaintiff is bound to prove that the property was converted by the defendant, the Winona Wagon Company. It is now claimed that such conversion is proven, as to the vehicles sold by the Bull & Grant Farm Implement Company prior to the insolvency proceedings, by the fact of such sales. It is insisted that the Bull & Grant Farm Implement Company was the agent of the Winona Wagon Company; that therefore the sales of the agent were the sales of the principal, and that the conversion of the agent by such sales was the conversion of the principal. While, under certain circumstances, the wrongful conversion of property by an agent is the wrongful conversion of the principal, the rule does not apply to a case similar to the one at bar. As to the creditors, this property was the property of the Bull & Grant Farm Implement Company. Hence, as to creditors, any dealings with the property by that company could not have been as agent of the Winona Wagon Company, but as principal. And as to the creditors, sales by that company must be held to be the exercise of acts of ownership upon its part, and not as agent of the Winona Wagon Company. It is absolutely necessary to the success of plaintiff's cause of action that this property should be held to be the property of the Bull & Grant Farm Implement Company, and when that is held, then clearly such company had the right to dispose of the property, and, in the absence of some character of fraud, the sales were valid, and no fraud is here disclosed. Plaintiff cannot be allowed to change his legal position as the wind changes. His case stands alone upon his claim of title to this property in the Bull & Grant Farm Implement Company, and when he has made such claim he cannot be allowed to insist that when dealing with this property the Bull & Grant Farm Implement Company dealt with it and made sales of it as the agent of another. There is no materiality in the fact that the proceeds of these sales went to the Winona Wagon Company. The Implement company may as well have paid them to Jones or Smith, or dissipated them away. This is an action to recover the value of the property, and is in no sense an attempt to follow the proceeds of a fraudulent sale. In the absence of any showing that such sales were violative of some provision of the insolvent act,

we are fully convinced that any attempt to follow such proceeds would not meet with success.

There was a large amount in value of these wagons and other vehicles which came into the hands of the assignee. Upon demand he delivered this property to the defendant. The title to it, as against the creditors, was in the insolvent when the assignee was appointed, and thereafter such title passed in trust to the assignee. By mistake of either law or fact, or both, as to the location of title in himself, the assignee gave over the possession of the property to defendant. If he had refused to deliver the property when it was demanded, unquestionably defendant would have failed to recover it upon action brought, for, as already suggested, the title as against it was in the assignee. It is now insisted that plaintiff, having delivered the property to defendant, is estopped from recovering it back or suing for its value. Plaintiff insists that he knew nothing of the original transaction between the two companies, and supposed and believed that the property had been consigned by defendant to his insolvent to sell simply on commission. In answer to this contention defendant insists that plaintiff was in the possession of all the facts when he delivered the property, or, if not in such possession, he had the means of knowledge at hand, which fact was, as against him, of equal potency with actual knowledge. There is nothing in the foregoing facts to justify a holding of the existence of an estoppel against plaintiff. Conceding a knowledge upon his part of all the facts claimed, at the time he delivered the property to defendant, still those facts do not create an estoppel against him. It is difficult to see how the mere delivery of property by a party in possession of it to a party claiming title to it bars the first party from ever attempting to regain its possession or its value. Vital elements of an estoppel are lacking in such a case. But, above and beyond all this, plaintiff was a trustee of the creditors. He held this property in trust for them. He stood in an entirely different relation to it as compared to property wherein the absolute ownership vested in him. As such trustee he had not the power to give it away, even if such were his intention. As trustee of the creditors he could not be held to this transaction, even if he was a party to it in fraud. How much less may he be held to it where he acted under mistake.

Owing to the foregoing views it becomes unnecessary to pass upon other questions raised by counsel.

Judgment and order reversed, and cause remanded for a new trial.

Harrison, J., Van Fleet, J., McFarland, J., Temple, J., and Henshaw, J., concurred.