[Sac. No. 2333.   Department One.—April 30, 1917.]

## STATE BANK OF LANSING (a Corporation), Respondent, v. C. S. McLAURY et al., Appellants.

[Sac. No. 2334.   Department One.—April 30, 1917.]

## STATE BANK OF LANSING (a Corporation), Respondent, v. C. S. McLAURY, Appellant.

JUDGMENT—MOTION FOR SATISFACTION—CONFLICTING AFFIDAVITS—APPEAL.—Where a motion to satisfy a judgment and recall the execution, made under section 675 of the Code of Civil Procedure, is heard on conflicting affidavits and denied by the trial court, it cannot be said on appeal that the court erred.

ID.—CONTROVERTED FACT OF SATISFACTION—REFERENCE TO JURY—FAILURE TO REQUEST.—While it might be proper to remit the matter to an independent action or refer it to a jury, where the fact of payment of a judgment is disputed, the moving party is not in a position to question the court's action in hearing his motion on affidavits, where he did not request a reference or a submission of the issue of fact to a jury, but presented his motion for decision on affidavits.

ID.—INSUFFICIENT RECORD ON APPEAL—LACK OF BILL OF EXCEPTIONS.—Where a transcript consists merely of copies of the complaint, the judgment, defendant's notice of motion for satisfaction of judgment and recall of execution, a written motion, defendant's affidavit, a counter-affidavit, an order denying the motion, and a notice of appeal, which papers were certified by the clerk as correct copies of the originals on file but not incorporated in any bill of exceptions, the record on appeal is insufficient under the rule of the supreme court.

ID.—FAILURE TO SHOW ERROR—PRESUMPTION IN FAVOR OF RULING.—It is incumbent upon the appellant to show error, and this he fails to do where he does not present to the appellate court the evidence on which the trial court acted; and in the absence of such evidence it will be assumed that the necessary evidence to sustain its order was presented to the lower court.

APPEAL from an order of the Superior Court of Tulare County denying a motion to satisfy a judgment and to recall execution.   W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

Everts & Ewing, for Appellants.

Bradley & Bradley, for Respondent.

SLOSS, J.—Appeals in two cases are here presented. The plaintiff is the same in both actions. C. S. McLaury and Harry Thompson are defendants in the one action, and Mc-Laury is the sole defendant in the other. Except for this circumstance, and a difference in the amounts involved in the two cases, the facts are identical, and the two appeals have been submitted upon a single set of briefs. A brief statement of the facts in No. 2334 will illustrate the legal questions common to the two appeals.

The plaintiff brought an action against McLaury on a promissory note, and recovered judgment by default. More than a year after the entry of the judgment, McLaury gave notice that he would move the court for an order satisfying the judgment and recalling an execution issued thereon. The notice of motion was accompanied by the affidavit of McLaury in which he stated, in effect, that since the entry of the judgment, the plaintiff had come into the possession of money, sufficient in amount to cancel the indebtedness represented by the judgment. Said money was declared to be the proceeds of securities belonging to McLaury, and held by the plaintiff under an agreement that money collected thereon should be applied upon said indebtedness. The plaintiff filed an affidavit denying the holding of any securities for McLaury, or the collection of any money applicable to Mc-Laury's debt. The court made an order denying the motion to satisfy the judgment and recall the execution. The appeal is from this order.

The motion was made under section 675 of the Code of Civil Procedure, which authorizes the court to order entry of satisfaction "whenever a judgment is satisfied in fact, otherwise than upon an execution." (*Buckeye R. Co.* v. *Kelly,* 163 Cal. 8, [Ann. Cas. 1913E, 840, 124 Pac. 536].) The order is to be made only where the judgment has in fact been satisfied. In the case before us, the only evidence touching this vital question consists of affidavits which are in direct conflict. It is difficult to see, therefore, how it can be contended that the court erred in denying to the defendant the relief for which he asked.

The appellant's argument is that where the fact of satisfaction by payment is in controversy, the court should not, upon a motion under section 675, decide this issue upon affidavits alone. The payment being denied, the court, it is claimed, should either remit the defendant to an independent action, or should provide for determination of the disputed fact by means of a reference or a submission to a jury. (23 Cyc. 1498.) There is much force in the suggestion that an issue of this kind could better be determined otherwise than by the summary procedure of a motion made and resisted upon affidavits. (*Woodford* v. *Reynolds,* 36 Minn. 155, [30 N. W. 757]; *Atkinson* v. *Harrison,* 153 Pa. St. 472, [26 Atl. 294].) It may well be that, where the fact of payment is disputed, a reference would be proper. (*Dwight* v. *St. John,* 25 N. Y. 203.) But the appellant is not, on the record before us, in a position to question the action of the court below. There is nothing to indicate that he requested a reference, or the submission of the issue of fact to a jury. He undertook, apparently, to present his motion for decision on affidavits, and, having so presented it, he cannot now insist that the court below should, of its own motion, have directed a procedure different from that which he himself initiated and invited.

We have discussed the case on the assumption that the record properly shows that the motion was presented to the court upon the two affidavits to which we have referred. But, in fact, the record does not show this. The transcript consists merely of copies of the complaint, the judgment, defendant's notice of motion, a written motion, defendant's affidavit, a counter-affidavit, the order denying the motion, and the notice of appeal. These papers are certified by the clerk as correct copies of the originals on file. They are not incorporated in any bill of exceptions. Under the settled rule of this court, we cannot, on an appeal from the granting or denial of a motion like the one here involved, consider affidavits or other evidence used in the court below, unless such affidavits or evidence be authenticated by incorporation into a bill of exceptions. Rule XXIX of this court [166 Cal. lvi, 119 Pac. xiv] provides for this method of authentication where no other mode is authorized by law. There is no law authorizing another mode in such cases as this, unless, perhaps, the evidence taken can be brought up in a transcript

prepared under the alternative method provided by sections 953a, 953b, and 953c of the Code of Civil Procedure. There is no pretense of any attempt to procure a record under these sections. Not only, therefore, are we precluded from considering the affidavits printed in the transcript, but we must assume, in support of the order, that any additional evidence which would support it was presented to the court below. (*Herrlich* v. *McDonald,* 80 Cal. 472, [22 Pac. 299]; *Von Glahn* v. *Brennan,* 81 Cal. 261, [22 Pac. 596]; *Shain* v. *Eikerenkotter,* 88 Cal. 13, [25 Pac. 966]; *Melde* v. *Reynolds,* 120 Cal. 234, [52 Pac. 491]; *Ramsbottom* v. *Fitzgerald,* 128 Cal. 75, [60 Pac. 522]; *Skinner* v. *Horn,* 144 Cal. 278, [77 Pac. 904]; *Estate of Dean,* 149 Cal. 487, [87 Pac. 13].) It is incumbent upon the appellant to show error, and this he has not done where he fails to present to the appellate court the evidence on which the trial court acted. In support of the order, we would be entitled to assume, if that were necessary, that the court below did order a reference or submit the issue to a jury, as the appellant urges it should have done, and that the reference or the jury trial resulted in favor of the respondent's contention.

We are not called upon to decide here whether the denial of defendant's motion would operate as a bar to an independent action in equity to enjoin the enforcement of the judgment. It is enough, for present purposes, to say that error in the denial of the motion is not shown.

In each of the above-entitled cases, the order appealed from is affirmed.

Shaw, J., and Lawlor, J., concurred.