[Civ. No. 8297. First Appellate District, Division One.—January 25, 1933.]

JESSIE BECK, Appellant, v. A. J. BARNES, Respondent.

Harold H. Schulenberg for Appellant.

E. L. Williams and John Barnes for Respondent.

THE COURT.—This action was brought to quiet plaintiff's title to two parcels of land. A trial was had and evidence both oral and documentary introduced. Findings of fact and conclusions of law were waived and a decree was entered adjudging that the defendant A. J. Barnes was the owner in fee of one of said parcels of land. This is an appeal by the plaintiff from said judgment.

It is the contention of the respondent Barnes that this is an appeal upon the judgment-roll alone, while appellant claims that the record is presented in accordance with the provisions of section 953a et seq. of the Code of Civil Procedure. ▮ An examination of the record discloses that the clerk of the court, in addition to certifying to the judgment-roll and to the notice of appeal, has also certified to the correctness of about twelve documents that were introduced in evidence and which should be part of the reporter's transcript. It has been held that such certification by the clerk is unauthorized and insufficient to justify an examination of said documents by the appellate court. (*Jeffords* v. *Young,* 197 Cal. 224 [239 Pac. 1054] ; *Lake* v. *Harris,* 198 Cal. 85–89 [243 Pac. 417].) ▮ The entire transcript, including the judgment-roll, the notice of appeal and all other documents in the record are certified to by the judge who tried the cause in the following manner: "I hereby certify that the foregoing transcript consisting of 67 pages is true and correct, and the same is hereby settled and allowed this 4 day of Dec. 1929."

The court has no authority to certify to the clerk's transcript, but as to the other matters included in the transcript they should be certified by him. (Code Civ. Proc., sec. 953a et seq.) However, the officers, in addition to certifying to the correctness of such portions of the record as the law requires them to certify to, have also certified to the correctness of other portions of the transcript. The certification to the latter is mere surplusage and does not vitiate the record. It is true that the record before the court discloses many departures from the provisions of the law relating to records on appeal under the alternative method. Had counsel for respondent made timely objections thereto, the trial court would no doubt have corrected such errors. We find in the record that counsel entered into the following stipulation: "We hereby stipulate that the foregoing is a full, true and fair transcript and contains all the documentary record." We have concluded that under the stipulation of counsel and the certificate of the court we will consider the record as one presented under the alternative method and pass upon such questions as are properly before us. (*Pierce* v. *Works,* 171 Cal. 684 [154 Pac. 852]; *Lake* v. *Harris, supra.*)

It is assigned as error that the court should have granted the appellant a continuance for the purpose of obtaining and introducing in evidence the published delinquent tax list of the county of Los Angeles for the year 1913, which covers the property in controversy and upon which respondent's title is based. This alleged error cannot be reviewed, because the testimony taken at the trial has not been brought to this court, hence there is nothing to show that such application was ever made to the court, or the ground upon which the continuance was refused, or that the court abused its discretion.

It is next urged that said delinquent tax list, as published, failed to state the amount of penalties due, and for that reason the tax deed of defendant Barnes, which is based upon the sale for the year 1913, is void. As the court refused a continuance to permit the plaintiff to obtain and offer such delinquent tax list in evidence we cannot consider it in the light of an offer of evidence which was made at the trial and refused admission by the court. Such

offer, so far as the record before us is concerned, was never made.

■ A portion of the taxes levied against this property for the years 1913 and 1914 was for the maintenance of the Panama-Pacific International Exposition held in San Francisco in 1915. It is claimed that the law under which said tax was levied is unconstitutional and therefore the tax deed issued to the respondent Barnes is void because the property was sold for a sum of money in excess of the amount actually due. This contention is based upon the fact that the act providing for the levy (Stats. 1911, chap. 109, p. 273) provides in section 16 thereof that such an amount of tax shall be levied upon all the taxable property in the state "as when levied upon all of the property in this section mentioned, after making due allowance for delinquency, shall raise for each of said fiscal years, the sum of $1,250,000.00". It is argued by appellant that as the amount of delinquency is not fixed in the act, but is left to the judgment of the board of equalization, it confers on the latter body a legislative function. He cites in support of this view, *Houghton* v. *Austin,* 47 Cal. 646, wherein it is held that section 3696 of the Political Code is unconstitutional because that section leaves the amount of delinquency to be levied to the discretion of the board of equalization, when as a matter of fact such delinquency must be fixed by the legislature. Since the above-cited decision was rendered and at the time of the enactment of the act of 1911 above referred to, section 3696 of the Political Code as amended fixes the penalty for delinquency at five per cent of the total amount to be raised. This section must be read in connection with the act of 1911, *supra,* and leaves nothing to be done by the board of equalization, except to compute the amount of tax after allowing five per cent for delinquency.

■ It seems to be a further contention that, as shown by a letter from the controller of the state of California, the amount of taxes raised in 1913, for exposition purposes, was about $23,000 in excess of the $1,250,000 fixed by the act, and about $20,000 in excess of the $1,250,000 provided for the year 1914; that the property here in issue was therefore sold for a sum in excess of the amount actually due and for that reason the respondent's tax deed based upon

such sale is void. To give full force to the contention of appellant it would mean that where an estimated delinquency was too large and more money was collected than the exact amount required, the whole tax would be void. The result would be that any tax levy would be invalid where a greater amount was raised than that actually called for. There is no merit in the contention.

■ Appellant also complains that during the progress of the trial the respondent Barnes admitted the record title to the parcel of land in dispute was vested in defendant Hannah Metzler; that appellant made a motion to enter the default of said Hannah Metzler which motion was granted by the court; that through this stipulation and the entry of the default as above stated, the appellant became vested with all of the title to said land. It is a sufficient answer to say that the record fails to disclose any such stipulation or any default of said Hannah Metzler, but, on the contrary, it does appear from the judgment-roll that there is an answer on file by said Hannah Metzler in which she denies that appellant is the owner of said land and claims ownership in herself. If any such stipulation was made or default entered, and it was the desire of the appellant to rely upon them, it was his duty to see that they were embodied in the record so that the court could consider them.

■ Appellant also complains of the order of the court denying his motion for a new trial. He claims that the court erred in not permitting him to produce the published delinquent tax list of Los Angeles County for 1913 and introduce the same in evidence. We have already adverted to the fact that the record is silent as to the reason of the court in denying his application for a continuance to produce said record. Such action of the court is therefore not properly before us on this motion for a new trial. There was no error in denying the said motion.

■ There is one other reason why the appellant cannot prevail in this action. Plaintiff's alleged title to the land is based upon a deed from N. T. Powell, treasurer of the city of Los Angeles, executed and delivered after a sale of the property for nonpayment of a street improvement bond, after the Street Improvement Act, approved February 27, 1893, and all acts amendatory thereof. It is admitted that by said act a purchaser must give notice to

redeem, which notice must, where the premises are unoccupied (and the premises in question were unoccupied), be posted on the premises in a conspicuous place, and that proof must be made that the notice was so posted. In *Thomas* v. *Peterson,* 213 Cal. 672, 674 [3 Pac. (2d) 306, 307], where the property was sold under the same act, it is said: "The rule that proceedings for the sale of property for default in taxes or local assessments must strictly comply with the statutory requirements is settled. . . . It further appeared that the affidavit of posting of notice to redeem, filed by the purchaser, did not show that the notice was posted in a conspicuous place on the property, as required by section 5, subdivision j, of the act. The affidavit states only that the notice was posted 'in a conspicuous place upon the property', and it has been held that such a statement is too general to meet the requirements of the statute. · (See *Hindle* v. *Warden,* 50 Cal. App. 356 [195 Pac. 428]; *Hennessy* v. *Hall,* 14 Cal. App. 759 [113 Pac. 350].)"

An examination of the proof of posting in the case at bar shows that it is identical with the proof made in the Thomas case. It is also settled that in an action to quiet title a party may not have a decree because of the weakness of his adversary's title. He must prove a title in himself. (*Biaggi* v. *Mainero,* 60 Cal. App. 608 [213 Pac. 541].) This plaintiff has failed to do.

The judgment is affirmed.