[Civ. No. 9913. Second Appellate District, Division Two.—September 12, 1934.]

V. R. IRVIN, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Goudge, Robinson & Hughes and Charles M. Fueller for Petitioner.

Walter H. Hewicker for Respondent.

SCOTT, J., *pro tem.*—Petitioner asks a peremptory writ of mandate directing respondent Superior Court "to make its order satisfying of record the judgment in the action *Phil Norton, Plaintiff,* v. *V. R. Irvin, Hugh Evans, Hugh Evans & Co., Inc., a Corporation, Defendants,* action number 333,086, and the whole thereof".

In that action plaintiff Norton brought suit against the defendants asking judgment for rescission of an agreement with them and for $7,000, plus interest against them and each of them. All defendants were served, and upon their failure to answer the default of each was entered and judgment was thereafter rendered rescinding the agreement and awarding plaintiff $3,500, plus interest, against defendants Hugh Evans and Hugh Evans & Co., Inc., and further awarding plaintiff $3,500, plus interest, against defendant Irvin, who is petitioner here. On January 28, 1932, a week after the date of the judgment, Norton filed a "partial satisfaction of judgment", setting out that defendants Hugh Evans and Hugh Evans & Co., Inc., had paid in full and judgment against them in the sum of $3,500, plus interest, and directing the clerk "to enter full satisfaction of the judgment against the defendants, Hugh Evans and Hugh Evans & Co., Inc., a corporation". On April 23, 1934, a writ of execution was issued against the property of defendant Irvin, petitioner herein. On July 30, 1934, petitioner served and filed his notice of intention to apply for the writ of mandate here being considered.

Petitioner does not assert that the judgment in the above-mentioned case has not become final. He contends,

however, that judgment was for no more than $3,500 and that the satisfaction by Hugh Evans and Hugh Evans & Co., Inc., was satisfaction of the entire judgment. His view is that since the complaint asked for a joint judgment for $7,000 and the judgment rendered was on default of defendants, there could not be several judgments for $3,500 against Irvin and for $3,500 against his co-defendants.

Code of Civil Procedure, section 675, provides for the entry of satisfaction of judgment, by order of court in cases in which a judgment is satisfied in fact. "The order is to be made only where the judgment has in fact been satisfied." (*State Bank of Lansing* v. *McLaury*, 175 Cal. 31, 32 [165 Pac. 7].) Petitioner states that "the judgment has been satisfied as a matter of *law*, by the filing of the satisfaction of judgment" above referred to. The contrary appears to be true.

The trial court is authorized by Code of Civil Procedure, section 578, when the justice of the case requires it, to determine the ultimate rights of the parties on each side, as between themselves. Petitioner here allowed his default to be entered; made no complaint as to the judgment and now seeks to compel the trial court to enter a satisfaction of judgment contrary to the express terms of the judgment itself. His contention that such a several judgment against him for a sum less than that asked for in the complaint by way of a joint judgment, where he has allowed his default to be entered and has made no complaint as to the judgment, is not supported by any authority cited.

In *Kirtley* v. *Perham*, 176 Cal. 333 [168 Pac. 351], the complaint set out a joint liability, but the trial court gave judgment against each defendant for his proportion thereof. While the pleadings might have been amended during the trial of the case, this was not done. On appeal the court said: "While this may be a technical variance so far as the mere form of words is concerned, it is not fatal. It was clearly within the power of the court to give such judgment under the provisions of sections 578, 579 and 580 of the Code of Civil Procedure, and as it was in accordance with the facts and beneficial, rather than prejudicial, to the defendants, it does not constitute a cause for a reversal of the judgment." By parity of reasoning, there is

nothing in the record here which would justify the issuance of the writ of mandate as prayed.

Writ denied.

Craig, Acting P. J., and Desmond, J., concurred.