[Civ. No. 6117. Third Appellate District.—November 23, 1938.]

E. A. STROUT WESTERN REALTY AGENCY, INC. (a Corporation), et al., Appellants, v. C. A. McCLOUD, Respondent.

H. D. Gregory for Appellants.

J. F. Good for Respondent.

THOMPSON, J.—The plaintiff has appealed from an order setting aside a judgment by default. The motion on which the order was based was made under section 473 of the Code of Civil Procedure, on the ground of excusable neglect. It is contended the court abused its discretion in vacating the judgment, for the reason that the affidavit presented in support of the motion fails to show excusable neglect for not appearing and pleading to the complaint within the time allowed by law. This appeal is presented on the judgment roll only. The record contains no bill of exceptions.

The appellant filed in Butte County a complaint for broker's commissions for the sale of real property. The defendant failed to demur or answer the complaint within the time allowed by law. Four days after the time to answer had expired, the plaintiff took by default. A judgment by default was accordingly entered. Thereafter the defendant moved to set aside the judgment for excusable neglect, under the provisions of section 473 of the Code of Civil Procedure. The motion was supported by an affidavit of the attorney for the defendant. A counteraffidavit of the attorney for the plaintiff was filed in opposition thereto. Upon hearing, the court made an order setting the judgment aside for excusable neglect, and directed the defendant to answer the complaint. From that order the plaintiff has appealed. No bill of exceptions was settled. The appeal is presented to this court on the judgment roll only. The affidavits are included with the record of the case. The clerk merely certified that the transcript contains full, true and correct copies of the papers and orders therein on file in his office.

It is contended on appeal the affidavits fail to show excusable neglect on the part of the attorney for the defend-

ant and that the court, therefore, abused its discretion in setting aside the judgment.

The affidavits which are presented to a court under the provisions of section 473 of the Code of Civil Procedure on a motion to vacate a judgment are not a part of the judgment roll. (Sec. 670, Code Civ. Proc.; 2 Cal. Jur., p. 526, sec. 263; *State Bank of Lansing* v. *McLaury*, 175 Cal. 31, 34 [165 Pac. 7].) In 2 California Jurisprudence, at page 526, it is said in that regard:

"Since affidavits are not a part of the judgment-roll, and since matters which are not included in the judgment-roll will not be considered on appeal unless they are made a part of the record by bill of exceptions, reporter's transcript, statement or similar means, it follows that an appellate court, in the absence of a bill of exceptions, statement or reporter's transcript, will not consider the affidavits used in the lower court."

In *Jeffords* v. *Young*, 197 Cal. 224, 228 [239 Pac. 1054], it is said:

"The clerk is not competent to certify for purposes of review upon appeal, what papers were presented to and considered by the trial judge in support of or in opposition to a given motion."

To the same effect are the cases of *Beck* v. *Barnes*, 129 Cal. App. 187 [18 Pac. (2d) 749], and *Strumberger* v. *Hall*, 5 Cal. (2d) 22 [52 Pac. (2d) 917].

It follows that in support of the order setting aside the default judgment, since the affidavits and evidence with relation thereto are not lawfully before this court, and we may, therefore, not consider them, it must be assumed the order is amply supported by the evidence and that the court did not abuse its discretion in granting the order.

The order is affirmed.

Pullen, P. J., and Ross, J., *pro tem.*, concurred.