[Civ. No. 11852.   Second Appellate District, Division One.—November 22, 1939.]

ADJUSTMENT CORPORATION (a Corporation), Respondent, v. HOLLYWOOD HARDWARE AND PAINT COMPANY (a Copartnership) et al., Defendants; BEATRICE M. STUART, Appellant.

William Ellis Lady for Appellant.

L. G. Moore for Respondent.

YORK, P. J.—On May 31, 1935, the respondent, as assignee of the American Wholesale Hardware Company, brought action upon a common count to recover for goods, wares and merchandise furnished and delivered within four years next preceding the commencement of said action at the special instance and request of the defendants, and for which they promised and agreed to pay the sum of $12,201.28. A general and special demurrer to the complaint was sustained with leave to amend, whereupon respondent filed its first amended complaint alleging that said goods, wares and merchandise were furnished and delivered to the defendants within the two years next preceding the commencement of said action. A general demurrer was thereupon interposed by the appellant Beatrice M. Stuart which was overruled; whereupon she filed her answer denying generally and specifically each and every allegation of the ''complaint as amended by an amendment thereto'', but admitting that she had not paid all of her indebtedness to respondent's assignor.

When the matter came on for trial on August 25, 1937, the court granted respondent's motion for judgment on the pleadings to which appellant interposed no objection or defense, and subsequently judgment was entered in respondent's favor for the sum of $13,371.27. This appeal from said judgment is presented on the judgment roll alone, upon the ground that for the purposes of the motion (for judgment on the pleadings) the truth of all the denials and allegations in the answer is admitted, and since the answer herein denied all the allegations of the complaint and the amendments thereto, the court erred in granting said motion.

Respondent urges in its brief that the judgment herein appealed from was rendered ''under an oral stipulation en-

tered into in open court after discussion of the merits of the case between the respective counsel, and that the attorney for the defendants and appellant further confirmed this oral stipulation and agreement before the filing of the judgment''.

In support of this contention, respondent has filed in this court an affidavit of the trial judge which is here made the subject of a motion to strike by appellant, on the ground that it is ''incompetent, irrelevant and immaterial and not a part of the record of this case and has not been certified . . . so as to make it a part of the record on appeal''.

█ Since it is true that the affidavit which was filed in this court purporting to state facts affecting the judgment is not a part of the judgment roll and consequently may not be considered on this appeal (*Rubenstein* v. *Bank of America etc. Assn.*, 29 Cal. App. (2d) 501, 502 [84 Pac. (2d) 1056], citing section 670, Code Civ. Proc.; *State Bank of Lansing* v. *McLaury*, 175 Cal. 31, 34 [165 Pac. 7]; *E. A. Strout Western Realty Agency, Inc.*, v. *McCloud*, 29 Cal. App. (2d) 400 [84 Pac. (2d) 533]; 2 Cal. Jur. 526, sec. 263); the motion of appellant to strike the aforesaid affidavit from the record is granted.

█ Turning to the appeal from the judgment, it is clear that the oral stipulation to which respondent refers in its brief is not a part of the judgment roll and therefore it cannot be considered by this court. '' . . . when an appeal from a judgment is heard upon the judgment-roll alone, nothing can be assumed or considered that does not appear upon the face of that roll. If that discloses error, the appellate court can no more assume that it was cured by some matter which does not appear therein, than it can consider matters outside of the roll for the purpose of impeaching the correctness of the judgment. In each case the record must be judged by itself alone. So, also, it has been said that when an appeal is to be determined upon the judgment-roll alone, all intendments will be made in support of the judgment, and all proceedings necessary to its validity will be presumed to have been regularly taken. If the error relied upon to destroy such presumption consists in matters *dehors* the record, such matters must be brought to the appellate court by bill of exceptions or other appropriate method.

"The rule that matters which are not a part of the judgment-roll will not be reviewed on appeal unless they are presented by bill of exceptions, statement or other record, has been applied to prevent the consideration of many matters, such as . . . motions generally, including a motion for judgment on the pleadings and a notice of such motion . . . stipulations of the parties; . . . a party's consent for the entry of judgment . . . " (2 Cal. Jur., pp. 521, 522, 523, secs. 259, 260, and authorities therein cited.)

Looking at the face of the record before this court, it is obvious that it is sufficient in itself to sustain the judgment without the support of the oral stipulation referred to by respondent in its brief.

While it is true, as contended by appellant, that the answer denies generally and specifically each and every allegation of the complaint and the amendment thereto, and it is the rule that a "plaintiff is not entitled to a judgment on the pleadings if the answer denies and thereby presents an issue or issues as to the material allegations of the complaint or any of them" (21 Cal. Jur., pp. 237, 238, sec. 164, and authorities therein cited); nevertheless, the answer herein also admits that appellant "has not paid all of her indebtedness to plaintiff's assignor". In other words, the complaint alleges facts showing an indebtedness due to respondent's assignor from appellant and that the amount of said indebtedness "is now due and owing" to respondent, but appellant by her express admission "that she has not paid all of her indebtedness to plaintiff's assignor" presents an evasive answer which fails to raise an issue upon a material allegation of the complaint.

"A plaintiff may test the sufficiency of an answer by a motion for judgment on the pleadings, and may thereby recover judgment, without the introduction of any evidence, if his complaint states facts sufficient to constitute a cause of action, and the answer, as interposed by the defendant . . . neither raises any material issue nor states a defense, i. e., where the answer expressly or substantially admits or does not sufficiently deny all the material allegations of the complaint (*Stark* v. *Hoeft*, 205 Cal. 102, 110 [269 Pac. 1105]), and sets up no new matter which is sufficient to bar or defeat the action. Thus a judgment may be rendered on the pleadings if the answer is evasive, frivolous

or sham." (21 Cal. Jur., p. 235, sec. 164, and authorities there cited, including *Felch* v. *Beaudry*, 40 Cal. 439, 443, and *Doll* v. *Good*, 38 Cal. 287.)

It is stated in *Felch* v. *Beaudry*, *supra*, that "If a complaint be itself sufficient, there is no question that the plaintiff may apply for judgment on the pleadings, if the defendant has filed an answer which expressly admits the material facts stated in the complaint." Also, it is held in the case of *Doll* v. *Good*, *supra*, that whenever the answer fails to deny any of the material allegations of the complaint in such form as to put the same in issue, the plaintiff is entitled to judgment on the pleadings.

According to the terms of section 462 of the Code of Civil Procedure, a fact admitted in the answer becomes an established fact for the purposes of the action (*Welch* v. *Alcott*, 185 Cal. 731, 754 [198 Pac. 626]), and at the trial the plaintiff need not prove such fact and the defendant cannot dispute it, nor can it be overcome even by a contrary finding. (*Beatty* v. *Pacific States S. & L. Co.*, 4 Cal. App. (2d) 692, 698 [41 Pac. (2d) 378].)

Since this appeal is founded on the judgment roll alone and no evidence is presented to this court, it must be assumed that every material fact necessary to support the pleadings and judgment was adequately established at the trial. (*Rubenstein* v. *Bank of America etc. Assn.*, 29 Cal. App. (2d) 501, 502 [84 Pac. (2d) 1056], citing *Marr* v. *Southern California Gas Co.*, 198 Cal. 278, 282 [245 Pac. 178], and 2 Cal. Jur., p. 525, sec. 262.)

For the reasons given no error was committed by the trial court in granting respondent's motion for judgment on the pleadings.

The judgment is affirmed.

Doran, J., and White, J., concurred.