[Civ. No. 6854.   Third Dist.   June 16, 1943.]

JOHN MALAQUIAS, Respondent, v. JOE F. B. NOVO et al., Defendants; TONY FERREIRA, Appellant.

Howe, Hibbitt & Johnston, O. F. Meldon, Paul A. McCarthy and Joseph P. Lacey for Appellant.

Ralph H. Lewis, Sherman C. Wilkie and Blewett & Blewett for Respondent.

THOMPSON, J.—The defendant Tony Ferreira has appealed from a judgment which was rendered against him in an equitable action in the nature of a creditor's bill to cancel an alleged fraudulent transfer of a stock of merchandise and store fixtures, under section 3440 of the Civil Code, and to subject the property to the satisfaction of a former judgment against the vendor in the sum of $3,887.50. The judgment in this case provides that the vendee, Tony Ferreira, shall, upon demand, forthwith deliver to the sheriff the property in question, and upon failure to do so that judgment for said amount shall be entered against him. An appeal was also taken from an order denying appellant's motion, under section 675 of the Code of Civil Procedure, to direct the satisfaction of the judgment in this case on the theory that appellant had tendered to the sheriff all of the merchandise and fixtures except certain items valued at the sum of $437.32, which had been previously sold, and that the last mentioned sum had been tendered to the sheriff in lieu of the missing property.

The appeals were taken on the judgment roll only. No bill of exceptions was settled or presented. The evidence upon neither the trial nor the motion to satisfy the judgment is before this court.

The defendant, Joe F. B. Novo, owned real property at Ryde, in Sacramento County, upon which he operated a store and a gas station. The stock of merchandise and equipment owned by Novo were of a value in excess of $4,000. February 12, 1939, Novo made an assault upon the plaintiff which resulted in serious bodily injuries. Suit for damages for the tort was commenced September 19, 1939, and a judgment for $3,850 and costs in the additional sum of $37.50 was rendered against Novo on February 6, 1940. On October 11, 1939, prior to the rendering of that judgment, Novo deeded his real

property and conveyed his stock of merchandise and equipment to Tony Ferreira, in consideration of an alleged antecedent debt in the sum of $6,000. These conveyances left Novo without real or personal property sufficient from which to satisfy the judgment in favor of the plaintiff Malaquias. Tony Ferreira immediately took possession of the store and merchandise and operated the store for a period of time, selling and disposing of some of the stock of goods. This suit was commenced April 11, 1940, against both Novo and Ferreira, to cancel the purported conveyance of personal property as void for failure to publish the notice of sale of goods as required by section 3440 of the Civil Code, and to subject the personal property to the satisfaction of the judgment subsequently secured in the tort action.

The complaint in this equitable suit alleges that the defendant Joe F. B. Novo transferred to Tony Ferreira "all the real and personal property" leaving him no property from which the plaintiff's judgment could be satisfied. It is also alleged that the conveyances were made to defraud the plaintiff as an existing creditor, and to prevent him from satisfying his judgment or any part thereof.

The court found that Novo conveyed all of his real and personal property to Ferreira to defraud creditors; that at the time of the conveyance the plaintiff was a creditor of Novo, a judgment in the former action having been rendered in his favor in the sum of $3,887.50 on February 6, 1940, no part of which had been paid; that the conveyance of merchandise and store equipment is "conclusively presumed to be fraudulent and void" for failure to publish notice of the sale as required by section 3440 of the Civil Code; that the value of the stock of merchandise and store fixtures amounted to an aggregate sum in excess of $4,000; that Tony Ferreira immediately took possession of the stock of merchandise and continued to operate the store after this suit was commenced until July 12, 1940; that on the last mentioned date Ferreira levied an attachment on the said property, and the Constable of Georgiana Township, Sacramento County, took and retained possession thereof. The court further found that at the time of the conveyance Novo was indebted to Ferreira in the sum of $6,000, and that the transfer of property was not made without consideration or with the "*actual intent* to hinder, delay or defraud the creditors."

Judgment was rendered against Ferreira February 20, 1941,

to the effect that he should "forthwith deliver to the Sheriff of the County of Sacramento the stock in trade and fixtures, and the whole thereof" to satisfy plaintiff's former judgment against Novo, and that, if "upon demand" he failed to do so the plaintiff would be entitled to recover judgment for the sum of $3,887.50 against the vendee.

The record shows that plaintiff procured an execution June 10, 1941, which was levied by the sheriff and returned unsatisfied with the exception of the sum of $544.93 in cash which was recovered in garnishment from the Bank of Alex Brown at Walnut Grove, which sum was credited on the judgment. The balance of the judgment remains unpaid.

On June 14, 1941, the appellant served on the sheriff notice of tender of delivery of the stock of merchandise, except certain items thereof which were previously sold by Ferreira for the aggregate sum of $437.32, which sum he also offered to pay. This cash, however, was not deposited in a bank as required by section 1500 of the Civil Code.

The appellant then moved the court under section 675 of the Code of Civil Procedure to require the satisfaction of the judgment on the theory that it was deemed to have been fully paid by the tender heretofore mentioned. That section reads in part:

"Whenever a judgment is satisfied in fact, otherwise than upon an execution, the party or attorney must give such acknowledgment, or make such indorsement, *and, upon motion, the court may compel it,* or may order the entry of satisfaction to be made without it."

The record contains copies of the written tender of merchandise and fixtures, together with an itemized list of the property and an affidavit of the appellant averring that certain articles were not in his possession, but that the missing property had been sold, consisting of specified items of the aggregate value of $437.32, according to inventoried prices thereof. None of those documents was endorsed as read in evidence upon that motion. They are not authenticated as a part of that proceeding. No bill of exceptions of that hearing was presented or settled. The evidence is not properly before this court for consideration.

Neither the affidavit of Ferreira nor the itemized lists of merchandise and fixtures, which were apparently used on that motion, are a part of the judgment roll. (Sec. 670, Code Civ. Proc.) Since the evidence adduced at the hearing of that

motion is not properly authenticated nor before us on appeal we must assume the order denying the motion is adequately supported in every essential respect. (*State Bank of Lansing v. McLaury*, 175 Cal. 31 [165 P. 7]; *Adjustment Corporation v. Hollywood Hardware & Paint Co.*, 35 Cal.App.2d 566 [96 P.2d 161]; *E. A. Strout Western Realty Agency, Inc.* v. *McCloud*, 29 Cal.App.2d 400 [84 P.2d 533]; *Rubenstein* v. *Bank of America*, 29 Cal.App.2d 501 [84 P.2d 1056]; Rule XXIX, Rules for Supreme Court and District Courts of Appeal; 2 Cal. Jur. 526, sec. 263.)

The order denying appellant's motion to satisfy the judgment must therefore be held to be supported.

■ With respect to the appeal from the judgment which was rendered against the appellant for the sum of $3,887.50, on account of the absence of the evidence, we must also assume that it is supported in every necessary essential to render it valid. The court found that the plaintiff was a creditor of Joe F. B. Novo, who owed him said sum of money at the time of the conveyance of the stock of merchandise and fixtures, and that said transfer of personal property was "conclusively presumed to be fraudulent and void."

Section 3440 of the Civil Code provides in part:

"The sale, transfer or assignment of a stock in trade, in bulk, or a substantial part thereof otherwise than in the ordinary course of trade and in the regular and usual practice and method of business of the vendor, transferor, or assignor, and the sale, transfer, assignment or mortgage of the fixtures or store equipment of a baker, cafe or restaurant owner, garage owner, machinist, cleaner and dyer, or retail or wholesale merchant, *will be conclusively presumed to be fraudulent and void* as against the existing creditors of the vendor, transferor, assignor or mortgagor, unless at least seven days before the consummation of such sale, . . . the vendor . . . shall record in the office of the county recorder, . . . a notice of said intended sale, . . . and shall publish a copy of such notice in a newspaper of general circulation published in the township. . . ."

■ The California authorities hold that one is deemed to be a creditor and is authorized to maintain an action to set aside a fraudulent sale of merchandise and store fixtures under the provisions of section 3440 of the Civil Code, even though his claim which is based on a tort may not be reduced to judgment until after the subsequent equitable suit is commenced.

(Secs. 3430 and 3439.01, Civil Code; *Adams* v. *Bell,* 5 Cal.2d 697, 701 [56 P.2d 208]; *Chalmers* v. *Sheehy,* 132 Cal. 459, 465 [64 P. 709, 84 Am.St.Rep. 62]; *Meyer* v. *Thomas,* 37 Cal. App.2d 720, 724 [100 P.2d 360, 1066]; *Withrow* v. *National Surety Co.,* 122 Cal.App. 242 [10 P.2d 83]; *Schwartz* v. *Brandon,* 97 Cal.App. 30, 37 [275 P. 448]; 12 Cal.Jur. 977, sec. 19.) In the Chalmers case, *supra,* the court says:

"The cases are very numerous where it is held that a cause of action based upon a tort is within the statute against fraudulent conveyances, and that a person having such a cause of action is a creditor of the wrong-doer before judgment is obtained."

In the present case the assault was committed on the plaintiff by Novo February 12, 1939. Suit for damages resulting from the tort was commenced in September of that year. Judgment for $3,887.50 was rendered February 6, 1940, in favor of the plaintiff. The fraudulent sale and transfer of merchandise and fixtures was made to the appellant Ferreira October 11, 1939, prior to the rendering of judgment in the tort suit. Those circumstances constituted the plaintiff a creditor of Novo and authorized him to maintain this action to set aside the purported sale.

The court properly found that the conveyance was void for failure to publish a copy of the notice of sale in a newspaper of general circulation as required by section 3440 of the Civil Code. Since the sale was made in conflict with the statute and therefore void, it is immaterial whether the parties intended thereby *to actually defraud creditors.* (12 Cal.Jur. 985, sec. 27.) The title to the property remained in the vendor as though no sale had been attempted.

A creditor is authorized to maintain an equitable action against the debtor and his vendee of merchandise and fixtures which are fraudulently conveyed contrary to law, to declare the purported sale void, and to subject the property to the satisfaction of his judgment, when the transfer leaves the debtor bankrupt or without sufficient property to satisfy the claim. (*Henderson* v. *D. S. Denchy Mercantile Co.,* 48 Cal.App. 41 [191 P. 558]; *Wright* v. *Salzberger,* 121 Cal.App. 639, 645 [9 P.2d 860]; *Bird* v. *Murphy,* 72 Cal.App. 39 [236 P. 154]; *Pedro* v. *Soares,* 18 Cal.App.2d 600, 604 [64 P.2d 776]; 12 Cal.Jur. 1029, sec. 70.) In the text last cited the author says:

"He [the creditor] may bring an action in equity to set aside the fraudulent conveyance and subject the property to the satisfaction of his judgment lien, in which case the action is not one on the judgment but it is an equitable one for relief against the obstruction caused by the fraudulent transfer which hinders him in satisfying his claim by the ordinary process of law, or . . . he may bring an action in the nature of a creditor's bill for the purpose of subjecting to the payment of his judgment, the money or property transferred or concealed in fraud of his rights."

█ When the vendee knowingly participates in the fraudulent conveyance with the purpose or intention of defrauding creditors, or he wrongfully sells or disposes of the property, or refuses to surrender possession thereof to the creditor, after the sale has been declared void, a personal judgment may be rendered against the vendee to compensate the creditor for the loss sustained thereby. (*Henderson* v. *D. S. Denehy Mercantile Co., supra; Wright* v. *Salzberger, supra; Davis* v. *Winona Wagon Co.,* 120 Cal. 244 [52 P. 487]; *Ohio Electric Car Co.* v. *Duffet,* 48 Cal.App. 674 [192 P. 298]; *Swinford* v. *Rogers,* 23 Cal. 233; *Pedro* v. *Soares, supra;* 24 Am.Jur. 364, sec. 261.)

█ In the absence of the evidence adduced in this case we must assume there was adequate proof that the property in question was fraudulently conveyed to the appellant and that the transfer was therefore void; that the defendant Novo conveyed to the appellant all of the property, both real and personal, which he possessed, leaving no property from which plaintiff's judgment could be satisfied; that the value of the personal property was in excess of $4,000, a portion of which had been wrongfully sold by the appellant, and that sometime after the commencement of this action the appellant levied an attachment against the balance of the merchandise and fixtures and placed them in the custody of a constable. So far as the evidence in this case is concerned, in support of the judgment we may assume that the appellant sold all of the property in question under attachment and converted the proceeds to his own use, or he may have retained the property and refused upon demand to deliver it to the sheriff as required by the judgment. We must assume that the evidence shows that Novo fraudulently conveyed the property to the appellant after the commencement of the tort suit for damages to prevent the plaintiff from satisfying any judgment

which he might obtain in that action. We are permitted to make no assumptions in conflict with the findings and judgment in this case.

We therefore conclude that the court was authorized to render judgment against the appellant in the alternate form in which it appears.

Since the judgment in this case is based on the antecedent debt due to the plaintiff from Novo, and the title to the merchandise and fixtures, or at least the unsold portion thereof, remains in the vendor Novo, it seems equitable that recourse should first be had by execution to that property to satisfy the debt before resorting to the individual property of the appellant. (24 Am.Jur. 364, sec. 261.) However that is a mere matter of supplementary proceedings which are not involved on this appeal. It does not affect the validity of this judgment.

The judgment and the order are affirmed.

Peek, J., and Adams, P. J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 12, 1943.